(59 App. Div. 498.)

## In re GRADE CROSSING COM'RS OF CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

1. RAILROADS—HIGHWAY CROSSING—CONSTRUCTION OF VIADUCT—CHANGE OF GRADE—DAMAGES FOR INCONVENIENCE IN SHIPPING FACILITIES—STATUTES.

Laws 1888, c. 345, § 12, as amended by Laws 1890, c. 225, provides that if the grade crossing commissioners determine that it is necessary, for the purpose of carrying out any plan adopted by them, that the grade or portion of any street shall be changed, and that any "property may be injured thereby for which the owners * * * are lawfully entitled to compensation," commissioners of appraisal may be appointed to appraise the damages. *Held*, that damages were rightfully awarded to the owners of property abutting on a street, the grade of which had been necessarily changed by the construction of a viaduct on an intersecting street, which rendered their warehouses less accessible and convenient for delivering and receiving freight to and from railroad cars, as such damages are within the intent and scope of the statute.

2. SAME—COURT NOT RESTRICTED BY COMMISSIONERS' PETITION—STATUTES.

Under Laws 1888, c. 345, prescribing the necessary proceedings for the construction of viaducts at grade crossings, it was not error for the court to award damages to property affected as a whole by a change in the grade because of a viaduct, though the commissioners' petition stated damages as to only a part, as the court and commissioners obtained jurisdiction to do full justice by awarding damages to the entire property.

Appeal from special term, Erie county.

Proceeding by the grade crossing commissioners of the city of Buffalo against the Cary Safe Company and others for the appointment of commissioners to ascertain the compensation to be paid for injuries to land occasioned by the change of the grade crossing on Chicago street. From an order of the supreme court confirming the report of the commissioners of appraisal, the grade crossing commissioners, the Erie Railroad Company, the New York Central & Hudson River Railway Company, and the West Shore Railroad Company appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Spencer Clinton, for Grade Crossing Com'rs.
Louis L. Babcock, for the American Glucose Co.
Norris Morey and Edward R. Bosley, for the Cary Safe Co.

LAUGHLIN, J. The plans adopted by the grade crossing commissioners of the city of Buffalo pursuant to the provisions of chapter 345 of the Laws of 1888, as amended, to obviate the crossing of streets at grade by railroads, provide for carrying Chicago street over the tracks of the New York Central & Hudson River Railroad Company and the Erie Railroad Company by a viaduct. Chicago street runs north and south, and a short distance south of these tracks Scott street runs westerly therefrom. The original plans provided that the southerly approach to the viaduct should commence or reach the grade of Chicago street at the northerly line of Scott street; but they were subsequently amended so as to extend this approach southerly across Scott street and 55 feet beyond, and thereby the grade of Chicago street at its intersection with Scott street was elevated 2.88 feet.

The main tracks of the Lehigh Valley Railroad Company run along Scott street at grade, and by a contract between that company and the grade crossing commissioners, which referred to said amended plans, it was provided that these tracks should also cross the approach to the viaduct at grade, and that the railroad company shall change the grade of its tracks in Scott street at its own expense, but that the grade crossing commissioners shall change the grade of Scott street outside of the tracks, and pay all land damages incident to such change of grade, and do all the work within the line of Chicago street necessary to change the grade of the street and tracks. The Cary Safe Company owns the premises at the southwest corner of Chicago and Scott streets, having a frontage of 176 feet on Chicago street and 328.75 on Scott street. More than one-half the area of this parcel of land is covered by a building which occupies the entire Scott street frontage and 88 feet of the Chicago street frontage. The premises are used as a whole, constituting a single plant, for manufactory and warehouse purposes. The Cary Safe Company's building was so constructed on the Scott street side as to make it readily accessible and convenient for loading and unloading freight from the building, through large doors, onto and from wagons. The appraisal commissioners received, without objection, evidence of the damages sustained by the safe company by this change of grade of Scott street made by the city pursuant to the contract between the railroad company and the grade crossing commissioners, and took the same into consideration in making the award. The appellants contend that this was error.

The American Glucose Company owns the premises situate at the northwest of Chicago and Scott streets, bounded northerly by the Hamburg Canal and northwesterly by lands owned by the New York Central & Hudson River Railroad Company. The "dock tracks," so called, of the New York Central & Hudson River Railroad Company crossed Chicago street near the north bank of this canal, and passed southwesterly over the canal, and along the line of the glucose company's premises, and were conveniently connected by a switch and spur with the warehouse thereon. By a similar contract, except as to the apportionment of the expense, between this railroad company and the grade crossing commissioners, and the plans and detail drawings therein referred to, it was provided that these tracks should be depressed to pass under the Chicago Street Viaduct, and that a lift bridge should be constructed, at an elevation therein prescribed, for carrying them over said canal. This necessitated the lowering of the tracks adjacent to the glucose company's premises, and of the spur track connected therewith, and such change of grade was provided for by one of said detail drawings. The commissioners included in their award to the glucose company $500 for the damages caused by thus rendering its warehouse less accessible and convenient for delivering and receiving freight to and from railroad cars. It was also contended by appellants that no award could be legally made for such damages.

By section 12 of the "Grade Crossing Act," so called (chapter 345, Laws 1888), as amended by chapter 255 of the Laws of 1890, the leg-

islature granted a small measure of justice to property owners sustaining consequential damages; but for which, in most cases, they would have had no remedy. This statute provides that:

"If the commissioners shall decide that it is necessary for the purpose of carrying out any plan or modification, or alteration of any plan adopted by them, that any street shall be closed or discontinued, or that the grade of any street or portion of any street or public ground shall be changed, and that any property may be injured thereby for which the owner or persons interested therein are lawfully entitled to compensation, * * * the commissioners, by their chairman, may apply to the special term of the supreme court for the appointment of three commissioners to ascertain the compensation therefor to be paid to the owners of, or parties interested in the lands proposed to be taken, or which may be injured."

The statute requires the commissioners to "view the lands sought to be taken or claimed to be injured," and declares that, upon payment or deposit by the city as provided in the order confirming the awards, "the fee of the lands sought to be taken shall vest in the city, and all claims for damages to the property claimed to be injured shall be extinguished." In pursuance of this statute the grade crossing commissioners decided that all of said property of the glucose company, and the entire Scott street frontage, but only to the depth of 55 feet, of the Cary Safe Company's property, "may be injured by the change of grade of Chicago street where it is carried over the viaduct provided for in said general plan, for which the owners or parties interested therein are lawfully entitled to compensation." Thereupon the grade crossing commissioners instituted this proceeding.

The petition shows that the southerly approach to the viaduct commences at the northerly line of Scott street, which is according to the original plans; and it contains no reference to the amended plans extending the approach southerly, and necessitating the change of grade of Scott street. Section 4 of the grade crossing act authorized the commissioners to alter or amend their plans or the contracts made with the railroad companies, and they were empowered to enforce the execution of their plans by the railroad companies affected thereby. Under these circumstances, it seems clear to us that the damages for which these awards were made are within the scope and intent of the statute. The grade crossing commissioners originally determined that only a small part of the Cary Safe Company's premises, consisting of 75 feet on Scott street and 50 feet on Chicago street, "might be injured"; but their petition was subsequently amended so as to embrace the entire Scott street frontage,—to the depth, however, or frontage on Chicago street, of only 55 feet. The appraiser commissioners, in their report, after stating that the award is made "to the Cary Safe Company for the injury to the lands described in the petition," added:

"And your petitioners respectfully make further report that, in arriving at the damage to be awarded to the Cary Safe Company for the injury to lands described in the petition, we have taken into consideration the value of the plant as a whole, as well as the value of the property described in the petition. Standing alone, we do not consider that that part of the plant of the Cary Safe Company left out of the petition sustained any damage by reason of the change of grade in Chicago or Scott streets; and, in determining the above amount as the damage to the property described in the petition, we have in view the fact that it is part of the whole plant of said

company, and that such damage was caused by the change of grade in Chicago street and Scott street, and that the change of grade in Scott street was necessitated by the change of grade in Chicago street."

It is argued in behalf of appellants that the commissioners of appraisal were confined and limited by the determination of the grade crossing commissioners that only part of these premises may be injured. It is contended that the appraisal commissioners and court are bound by the determination of the grade crossing commissioners to make an arbitrary division of this parcel of land at the point where the southerly approach to the viaduct reaches the grade of Chicago street. The improvement of a parcel of land for use as a whole, and its utilization thereof in accordance therewith, and its adaptability for such use, cannot be thus ignored and disregarded. In re New York, L. & W. R. Co., 27 Hun, 116; In re Union El. R. Co., 55 Hun, 163, 7 N. Y. Supp. 853. The easement of convenient access to and from Scott street for discharging and receiving freight was beneficial to the premises as a whole, and the injury thereto affected the value of the entire parcel, and not merely the few feet adjacent, and embracing only part of the building. Bohm v. Railway Co., 129 N. Y. 576, 29 N. E. 802; Newman v. Same, 118 N. Y. 618, 23 N. E. 901, 7 L. R. A. 289; Stevens v. Railroad Co., 130 N. Y. 95, 101, 28 N. E. 667; Bischoff v. Same, 138 N. Y. 257, 264, 33 N. E. 1073.

We are of opinion that when the grade crossing commissioners determine, under this statute, that any part of a single parcel of land may be injured, and move the court for the appointment of commissioners, the court and commissioners obtain jurisdiction to do full justice, by making an award for damages to the entire parcel, if, at least, as in this case, it be damaged as an entirety. The statute should not in such case be given a construction which would require the owner to resort to another remedy, of doubtful adequacy, for the damages sustained by the remainder of the parcel in connection with the whole. In re Grade Crossing Com'rs, 6 App. Div. 327, 40 N. Y. Supp. 520; Id., 154 N. Y. 550, 49 N. E. 127.

The appeals of the railroad companies should be dismissed, with costs, for their default in appearing; and the order appealed from should be affirmed, with separate bills of costs to the respondents appearing separately. All concur.