In the Matter of the Application of the GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO, Appellants, for the Appointment of Commissioners to Ascertain the Compensation to Be Paid to the Owners of and Parties Interested in Lands Which May Be Injured by the Change of Grade of Swan and Jefferson Streets.

THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY et al., Appellants; MARY A. ANDERSON et al., Respondents.

Streets — Buffalo (city of) — change of grade in street in order to eliminate grade crossing over railroad tracks — right of abutting owner to recover consequential damages — Statute of Limitations.

Where the grade crossing commissioners of the city of Buffalo instituted proceedings upon the petition of the owners in accordance with the requirements of the statute, it cannot be held that the commission, as such public officers, had the power to or did waive any rights that existed on behalf of the railroad companies or the city, or any defense which the commission had the right to interpose before the court.

The right of access or ingress and egress of abutting owners to and from a public street, standing alone, has always at common law been considered *damnum absque injuria,* and consequently no action would lie for the impairment of the right, and the right to recover consequential damages by such an owner, where none of his land is taken, is dependent upon statutory provisions and the six years' Statute of Limitation applies. (*Matter of Torge* v. *Village of Salamanca,* 176 N. Y. 324, distinguished.)

*Matter of Grade Crossing Comrs. of City of Buffalo,* 138 App. Div. 349 reversed.

(Argued January 16, 1911; decided February 7, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 4, 1910, which affirmed an order of Special Term confirming the report of commissioners of appraisal appointed in the above-entitled proceeding.

The facts, so far as material, are stated in the opinion.

*Ralph K. Robertson* and *Spencer Clinton* for grade cross-
ing comissioners, appellants.   Damage to an abutting owner
whose land is injured by the change in the grade of a street
by the municipal authorities is *damnum absque injuria,* in
the absence of an express statute providing for compensation.
(*Torge* v. *Village of Salamanca,* 176 N. Y. 324; *Radcliff* v.
*Mayor, etc.,* 4 N. Y. 195; *Heiser* v. *Mayor, etc.,* 104 N. Y.
68.)   The provisions of the statute giving compensation
determine the rights of the property owners.   (L. 1888, ch.
345; L. 1891, ch. 105, § 406; *Matter of Grade Crossing
Comrs.,* 154 N. Y. 550; *Matter of Grade Crossing Comrs.,*
166 N. Y. 69; *Melenbacker* v. *Village of Salamanca,* 188
N. Y. 370; *Matter of Lawton* v. *City of New Rochelle,* 123
App. Div. 832; 193 N. Y. 656.)   The six years' Statute of
Limitations applies to proceedings to ascertain compensation
for the change of grade under the Grade Crossing Statute.
(Code Civ. Pro. §§ 382, 414; *Matter of Grade Crossing
Comrs.,* 52 App. Div. 27; Lewis on Em. Domain [3d ed.],
§ 967; *Levy* v. *Newman,* 130 N. Y. 11; *Bucklin* v. *Ford,*
5 Barb. 393; *Foster* v. *C. V. R. R. Co.,* 23 Penn. St. 371;
*Butler Street,* 25 Penn. Super. Ct. 357; *H. & T. C. R. R.
Co.* v. *Chaffin,* 60 Tex. 553.)

*Alfred L. Becker* for New York Central and Hudson
River Railroad Company et al., appellants.   The improve-
ment in question was strictly a " change of grade ;" for the
damages caused thereby no right of action exists independent of
a statutory right of action.   (*Smith* v. *B. & A. R. R. Co.,* 181
N. Y. 132, distinguishing *Reining* v. *N. Y., L. & W. R. R.
Co.,* 128 N. Y. 157; *Talbot* v. *N. Y. & H. R. R. Co.,* 151
N. Y. 155 ; *Matter of Melenbacker* v. *Vil. of Salamanca,* 188
N. Y. 370.)   The cause of action for damages caused by
change of grade is solely the creature of the statutes providing
for it.   In no way does it constitute an easement or grant or
interest in real property, like the easements of light, air and
access of the elevated railroad cases.   It is governed either
by the one-year limitation of the city charter or by the six-

year Statute of Limitations relating to statutory causes of action and to damages to property, and not by the twenty-year statute relating to prescriptive interests in real property. (*Matter of Grade Crossing Comrs.*, 154 N. Y. 559; Code Civ. Pro. §§ 380, 382, 414; *Radcliffe* v. *Mayor, etc.*, 4 N. Y. 195; *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118; *Ottenot* v. *N. Y., L. & W. R. R. Co.*, 119 N. Y. 603; *Conklin* v. *N. Y., O. & W. R. R. Co.*, 102 N. Y. 107; *Reining* v. *N. Y., L. & W. R. R. Co.*, 128 N. Y. 157; *Matter of Torge* v. *Vil. of Salamanca*, 176 N. Y. 324; *Matter of Lawton* v. *City of New Rochelle*, 123 App. Div. 832; 193 N. Y. 656; *Matter of Smith* v. *Vil. of White Plains*, 67 Hun, 81.)

*Henry W. Killeen* for Mary A. Anderson, respondent. The six-year Statute of Limitations does not apply because this is not a proceeding to enforce a liability created by statute, or a proceeding to recover damages for an injury to property. (*Clark* v. *Water Comrs.*, 148 N. Y. 1.)

*Harry D. Williams* for Gurdon M. Wattles, respondent. The six-year Statute of Limitations does not apply because this is not a proceeding to enforce a liability created by statute, or a proceeding to recover damages for an injury to property. (*Torge* v. *Vil. of Salamanca*, 176 N. Y. 331; *Lahr* v. *M. E. R. R. Co.*, 104 N. Y. 292; *Clark* v. *Water Comrs.*, 148 N. Y. 7; *Gillender* v. *City of New York*, 127 App. Div. 616; *Myer* v. *Adams*, 63 App. Div. 540; *Matter of Grade Crossing Comrs.*, 6 App. Div. 333; *Matter of Myer*, 63 App. Div. 540; 169 N. Y. 605.) No Statute of Limitations begins to run against the abutting property owner because no cause of action accrues to him until the grade crossing commissioners have acted. (*Bd. of Suprs.* v. *State of New York*, 153 N. Y. 279; *Parmenter* v. *State*, 35 N. Y. 154; *People ex rel. Essex Co.* v. *Miller*, 181 N. Y. 439.)

HAIGHT, J. The grade crossing commissioners of the city of Buffalo, pursuant to chapter 345 of the Laws of 1888, as

amended by chapter 255 of the Laws of 1890, adopted a plan for the elimination of grade crossings of streets by steam railroads. These plans contemplated the raising of the railroad tracks crossing Swan and Jefferson streets and the construction of a subway of the streets thereunder which required the lowering of the grade of the street in front of the premises of the respondents, thereby impairing the access to their premises. The improvements provided for were commenced in August, 1897, and completed on the 1st day of June, 1898. On the 24th day of April, 1906, the respondents petitioned the grade crossing commissioners to apply to the Supreme Court for the appointment of an appraisal commission to ascertain the compensation that should be paid to them as owners of the premises described in the petition for the damages which they had suffered by reason of the change of grade in Swan street and in carrying out the plans of the grade crossing commission. Thereupon the grade crossing commissioners, pursuant to such request, petitioned the Supreme Court for the appointment of appraisers, which resulted in the appointing of appraisers, a hearing had by them, a report as to the amount of damages which should be paid and a confirmation of such report by the Special Term, to which exceptions were taken by the grade crossing commission and the railroad companies whose tracks crossed the street at that place, upon the ground that the Statute of Limitations had run, more than six years having elapsed after the change of grade before the proceedings were instituted by the respondents.

Under the provisions of the Grade Crossing Act it is provided, in substance, that in case of a change of the grade of any street any property may be injured thereby for which the owners or persons interested therein are lawfully entitled to compensation the chairman of the grade crossing commission may apply to the Special Term of the Supreme Court for the appointment of three commissioners to ascertain the compensation therefor to be paid to the owners, etc. Then follow provisions specifically prescribing the proceedings that should

be had in order to determine the amount of the compensation
to be awarded for the damages sustained.  In the case of
*Matter of Myer* v. *Adam* (169 N. Y. 605, affirming
63 App. Div. 540) it was held in this court that the owners
of property abutting on a street, the grade of which had been
changed by the grade crossing commissioners, may petition
the grade crossing commissioners to institute the proceedings
to appraise their damages, and in case of the refusal of the
commission to so do, the owners may compel the commission
to take such action by mandamus.  In view of the fact, there-
fore, that the grade crossing commission instituted the pro-
ceeding upon the petition of the owners in accordance with
the requirements of the statute, we think it cannot be held
that the commission, as such public officers, had the power to
or did waive any rights that existed on behalf of the railroad
companies, the city, or any defense which the commission had
the right to interpose before the court.

Under the provisions of the Grade Crossing Act, as we
have seen, damages may be awarded to persons whose prop-
erty may be injured thereby, who " are lawfully entitled to
compensation."  Inasmuch as no land has been taken from
the owners by the lowering of the street, the damages, if any,
are only such as are consequential, resulting from such lower-
ing of the grade.  In *Matter of Grade Crossing Commis-
sioners* (154 N. Y. 550) it was contended that the owners
were not lawfully entitled to any compensation; but this
court held that such owners were lawfully entitled to damages
by reason of the provisions of section 406 of the charter of
the city, which provided that when the city shall alter the
grade of any street or alley, the owner of any house or lot
fronting thereon may, within one year thereafter, claim dam-
ages by reason of such alteration.  Then follow provisions
with reference to the manner of ascertaining the damages he
has sustained.  Under this provision of the charter there was
a statutory right given to the owner to have damages.  The
proceedings upon which such damages were to be ascertained,
when caused by the grade crossing commissioners, must be

ascertained in accordance with the provisions of the Grade Crossing Act, and, therefore, the right to recover damages was sustained.

In the absence of a statute, no damages were recoverable by an abutting owner whose lands were not actually taken by the mere change of the grade of a street. This was held in the case of *Radcliff's Exrs.* v. *Mayor, etc., of Brooklyn* (4 N. Y. 195), and the doctrine of that case has been repeatedly asserted in numerous cases of more recent date in this court, referred to below. It, therefore, follows that the right to recover consequential damages by an abutting owner, where none of his land is taken, is dependent upon the provisions of a statute.

The learned Appellate Division appear to have entertained the view that the impairment of the owner's access to his premises was the taking of an easement. It may be conceded that in the elevated railroad cases the right of access has been treated as an easement coupled with that of light and air, for which a recovery may be had at common law. But the right of access or ingress and egress of abutting owners to and from a public street, standing alone, has always at common law been considered *damnum absque injuria*, and consequently no action would lie for the impairment of the right. No elevated railroad has been constructed or operated in front of the respondents' premises. There has been no impairment of their light and air. The approach to the railroad crossing was constructed by the grade crossing commissioners for the benefit of the traveling public through the highway, in the exercise of governmental powers, and did not directly encroach upon the private property of the respondents, although the structure may have impaired, to some extent, their access to their premises, from which damages resulted; still, it was not the taking of property within the meaning of the Constitution. (*Talbot* v. *N. Y. & H. R. R. Co.*, 151 N. Y. 155 ; *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118 ; *Rauenstein* v. *N. Y., L. & W. R. Co.*, 136 N. Y. 528; *Heiser* v. *Mayor, etc., of N. Y.*, 104 N. Y. 68; *Conklin* v. *N. Y., O. & W. R.*

*Co.*, 102 N. Y. 107 ; *Sauer* v. *City of New York*, 180 N. Y. 27, 33 ; see authorities there cited; affd., 206 U. S. 536 ; and *People ex rel. Dole* v. *Town Board of the Town of Hamburg*, 193 N. Y. 614, in which the order was affirmed on the opinion of HAIGHT, J., in *Smith* v. *B. & A. R. R. Co.*, 181 N. Y. 132.)

It is further contended that a different conclusion was reached in the case of *Matter of Torge* v. *Village of Salamanca* (176 N. Y. 324). We think the decision then rendered has been misunderstood by the Appellate Division. In that case an abutting owner was seeking to recover damages for the change of the grade in front of his premises in carrying the street under a railroad crossing.

The Village Law provided that if the change of grade shall injuriously " affect any building or land adjacent thereto or the use thereof the change of grade to the extent of the damage resulting therefrom shall be *deemed the taking* of such adjacent property for a public use." The learned chief judge, in writing the opinion in that case, distinctly held that at common law no damages could be recovered, saying that " under the settled law of this state damage caused to an abutter by a change of the grade of a street by the municipal authorities was *dammun absque injuria.*" (p. 327.) He, however, found that, under the provisions of the statute, damages were allowable, and in considering the rule of damages he made the statement that " the right secured to an abutter to compensation for a change in the grade of a street is substantially the grant to him of an easement in the street to have it maintained at its existing grade, and any such easement created by the statute is in every respect analogous to those invaded in the elevated railroad cases " (p. 331); thus having in mind the provisions of the statute which deemed the change of grade *a taking of the adjacent property*. He, however, distinctly held that the right to recover damages was given by statute and did not exist independently therefrom. We, therefore, conclude that the right to recover consequential damages resulting to the respondents' property exists under the statute

and not at common law, and consequently the six years' Statute of Limitations applies.

The order of the Appellate Division and that of the Special Term should be reversed, and the order appointing the commissioners of appraisal vacated, with costs in all courts.

CULLEN, Ch. J.    I concur in the opinion of Judge HAIGHT. The right to compensation for a change of grade of a street under the charter of the city of Buffalo and under the various statutes containing similar provisions for the protection of abutting owners, is a liability created by statute.    It certainly was not intended in the opinion rendered in *Matter of Torge* v. *Village of Salamanca* (176 N. Y. 324) to assert that the various acts alluded to convey to the abutting owner any title in the soil of a street or highway, though the language used at the conclusion of the opinion may be open to misconstruction.    That language was in answer to a claim that the rules of damage under the Railroad Law and under the Village Law were different, and that hence the right granted by the latter statute could not be enforced in proceedings under the former.    The statement made, that " The right secured to an abutter to compensation for a change in the grade of a street is substantially the grant to him of an easement in the street to have it maintained at its existing grade, and any such easement created by the statute is in every respect analogous to those invaded in the railroad cases " (p. 331), was intended to decide only that, so far as the rule of compensation was involved, the right granted by the statute was analogous to the case of the invasion of an easement.

GRAY, WERNER, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur with HAIGHT, J., and CULLEN, Ch. J.

Orders reversed, etc.