### In re GRADE CROSSING COM'RS OF CITY OF BUFFALO.
(Proceeding No. 102.)

(Supreme Court, Appellate Division, Fourth Department.    October 8, 1912.)

EMINENT DOMAIN (§ 101*)—DAMAGES—CHANGE OF GRADE—DEPRIVATION OF SWITCHING FACILITIES.

   Where the elimination of a grade crossing was effected by depressing the railroad tracks about 25 feet and carrying the street over them on a viaduct, the effect of which was to preclude the possibility of obtaining private switching connections to certain adjoining premises, the loss resulting to the owner therefrom was an element to be considered in determining the damage to his property by the change of grade.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 269, 270; Dec. Dig. § 101.*]

   McLennan, P. J., and Foote, J., dissenting.

Appeal from Special Term, Erie County.

In the matter of the application of the Grade Crossing Commissioners of the City of Buffalo to assess damages for the abolition of a grade railroad crossing at Main street in such city. From a report of commissioners of appraisal, and from a final order confirming such

---

report, awarding the owners of certain land, designated as "Parcel 2," $5,000 damages, the commissioners and others appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Irving R. Templeton, of Buffalo, for appellant commissioners.

Alfred L. Becker, of Buffalo, for appellant New York Cent. & H. R. R. Co.

Jeremiah J. Hurley, of Buffalo, for appellant city of Buffalo.

Charles Diebold, Jr., of Buffalo, for respondent Lucia A. Halbert.

KRUSE, J. In eliminating the grade crossing of the New York Central Belt Line at Main street, in the city of Buffalo, it became necessary to change the grade of the street. The tracks were depressed about 25 feet and a viaduct constructed, carrying the street over the railroad. Commissioners were appointed in this proceeding to ascertain the compensation to be made to the owners of the lands for damages resulting from that improvement. The award for parcel 2 is challenged by this appeal as excessive. That parcel has a frontage of about 180 feet on Main street, extending to a point 21½ feet from the railroad right of way. The change of the street grade immediately in front of the premises is slight, but it is contended that the grade crossing improvement as a whole has seriously lessened the value of the premises.

Before the improvement there was a switch track extending to Main street. That has been removed, and, even if relaid in the cut, it would be inaccessible from Main street or from the lands adjoining the railroad. The owner contends that before the changes were made the lands were well adapted for industrial purposes, and that their value has been materially lessened by cutting off the shipping facilities at this point. That view is supported by testimony, and the appraisal commissioners, who were made acquainted with the conditions, seem to have taken the same view, although their award is much less than the amount of the damages fixed by the experts.

In determining the amount of damages under the Grade Crossing Act (Laws 1888, c. 345), where there has been a change of grade in front of adjoining premises, the improvement as a whole must be considered, and if the value of the adjoining premises has been diminished thereby, the owner is entitled to all of the damages resulting therefrom. Matter of Grade Crossing Commissioners, 6 App. Div. 327, 40 N. Y. Supp. 520. It is argued here, as it was in the case of Matter of Grade Crossing Commissioners, 59 App. Div. 498, 69 N. Y. Supp. 152, affirmed 168 N. Y. 659, 61 N. E. 1129, that no damages are recoverable resulting from the depression of the track, eliminating switching facilities; but the award was upheld in that case, although the factory was not in operation and the switches had not been used for some time. It is true that there the premises were immediately adjoining the railroad, while here there is an intervening parcel of land. But, aside from possible private switch connections to these premises, the switch extending to within a few feet of the

premises was taken up, and all switching facilities have been eliminated at this point. Access to the railroad has been cut off, and all facilities for receiving and delivering freight there have been destroyed. If the value of these lands has been lessened by lack of railroad facilities, resulting from the improvement, it would seem that that fact may be properly taken into account in determining the amount of the damages. I think that is in accord with our previous decisions under the Grade Crossing Act of the City of Buffalo, where railroad facilities were cut off or impaired by the improvement and were taken into account in making the award (Matter of Grade Crossing Commissioners, 59 App. Div. 498, 69 N. Y. Supp. 152; Matter of Grade Crossing Commissioners, 111 App. Div. 909, 97 N. Y. Supp. 1135; Matter of Grade Crossing Commissioners, 146 App. Div. 885, 130 N. Y. Supp. 1113, affirmed 203 N. Y. 628, 97 N. E. 1105); and it is in accord with the decisions of the courts of other states as well (N. Y., N. H., etc., R. R. v. Blacker, 178 Mass. 386, 59 N. E. 1020; South Park Commissioners v. Ayer, 237 Ill. 211, 86 N. E. 704).

While the award seems large, I think, in view of the advantage which the commissioners had in determining that question, we would hardly be justified in setting it aside. The order should therefore be affirmed, with costs.

FOOTE, J. (dissenting). I dissent. It appears, from the testimony of the witnesses and from the opinion of the commissioners, that a considerable part of the $5,000 award to the owners of parcel No. 2 is for damage to that parcel because, after the railroad tracks are depressed, it will not be possible to run a private switch track from the railroad across the intervening lands to this property. Respondents' lot does not abut upon the railroad right of way at any point. It has never had a switch track, and could not have one without acquiring from private owners the right to lay the proposed switch track across their lands. The consent of such private owners may never be secured, and there is no power to compel it by condemnation or otherwise. Hence I think the supposed injury to respondents' lot because deprived of the possibility of a private switch track is too remote and speculative to be the basis of an award of damages.

The order appealed from, so far as it confirms the award to respondents in respect of parcel No. 2, should be reversed, and such award vacated, and the proceeding remitted to the same commissioners to make a new award, allowing no damages for loss of a possible private switch track from the railroad across intervening land to respondents' lot, with separate bills of cost of this appeal to each appellant appearing separately.

McLENNAN, P. J., concurs.