In the Matter of the Application of the GRADE CROSSING
COMMISSIONERS OF THE CITY OF BUFFALO, Appellants,
for the Appointment of Commissioners to Ascertain
the Compensation to Be Paid for Injury to Lands from
the Change of Grade of Colvin Street.

THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD
COMPANY et al., Appellants; NICHOLS SCHOOL CON-
STRUCTION COMPANY, Respondent.

Buffalo (city of) — Grade Crossing Act — where a grade crossing
is abolished by elevating railroad tracks and depressing the
street, damages cannot be awarded for the change in the grade
of the railroad.

1. Section 12 of the Buffalo Grade Crossing Act (L. 1888, ch. 345;
amd., L. 1890, ch. 255) provides in part, "If the commissioners
shall decide that it is necessary for the purpose of carrying out any
plan or modification or alteration of a plan adopted by them, that
any street shall be closed or discontinued, or that the grade of any
street or portion of any street or public ground shall be changed,
and that any property may be injured thereby for which the own-
ers or persons interested therein are lawfully entitled to compensa-
tion," proceedings may be taken to ascertain the compensation
therefor. *Held*, that where a grade crossing is abolished by ele-
vating the railroad tracks and by depressing the street, damages
cannot be awarded for the change in the grade of the railroad.
(*Matter of Grade Crossing Commissioners*, 59 App. Div. 498;
affirmed, without opinion, 168 N. Y. 659, overruled.)
2. Damages to property from a change of grade in a street are
caused when the physical change of grade is made, and the then
owner is the one entitled to compensation. (*People ex rel. Janes* v.
*Dickey*, 206 N. Y. 581, followed.)
*Matter of Grade Crossing Comrs. of Buffalo*, 155 App. Div. 809,
reversed.
(Argued April 17, 1913; decided June 17, 1913.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
March 5, 1913, in so far as it affirmed an order of Special

Term confirming the report of commissioners of appraisal in the above-entitled proceeding.

The facts, so far as material, are stated in the opinion.

*Irving R. Templeton* and *Spencer Clinton* for grade crossing commissioners, appellants. There is no statute under which an award can be sustained for consequential damages due to the elevation of the New York Central on its own right of way. (*Radcliff* v. *Mayor, etc., of Brooklyn,* 4 N. Y. 195; *Bennett* v. *L. I. R. R. Co.,* 181 N. Y. 432; *City of Detroit* v. *D. U. Railway,* 156 Mich. 106; *Pratt* v. *City of Cleveland,* 191 Fed. Rep. 65; *Quinby* v. *City of Cleveland,* 191 Fed. Rep. 68.)

*Alfred L. Becker* for New York Central and Hudson River Railroad Company, appellant. No statute could constitutionally grant a right of compensation to any private landowner, recoverable either from the city of Buffalo or from the railroad company, on account of a lawful change of grade of the tracks of the railroad company, and none attempts to do so. (*People* v. *O'Brien,* 111 N. Y. 1; *City of New York* v. *Bryan,* 196 N. Y. 158; *Lord* v. *Eq. Assur. Society,* 194 N. Y. 212; *Mayor, etc., of N. Y.* v. *T. T. St. Ry. Co.,* 113 N. Y. 311; *Leffman* v. *L. I. R. R. Co.,* 197 N. Y. 513; *Bennett* v. *Long Island R. R. Co.,* 181 N. Y. 431; *People's Rapid Transit Co.* v. *Dash,* 125 N. Y. 93; *Mulhker* v. *N. Y. & H. R. R. Co.,* 197 U. S. 544; *Sauer* v. *City of New York,* 206 U. S. 549; *Birrell* v. *N. Y. & H. R. R. Co.,* 198 U. S. 390.)

*Clark H. Hammond* (*Jeremiah J. Hurley* of counsel) for City of Buffalo, appellant. The damages recoverable in these proceedings are those caused by the change of the grade of the street, not damages caused by the carrying out of the plan or improvement. (*Matter of Grade Crossing Comrs.,* 201 N. Y. 32; *Gordon* v. *A. N. K. R. R. Co.,* 195 N. Y. 137; *Sauer* v. *City of New York,* 180 N. Y. 27; *City of Chicago* v. *Taylor,* 125 U. S. 165;

*O'Brien* v. *Philadelphia*, 150 Penn. St. 589.) The
defendants do not claim nor have they any right to dam-
ages caused by the change of grade of the street or of the
railroad, except such rights as are provided in the Grade
Crossing Act. (*Sauer* v. *City of New York*, 180 N. Y. 27;
*Conkling* v. *O. & U. Ry. Co.*, 102 N. Y. 107; *Smith* v.
*B. & A. R. R. Co.*, 181 N. Y. 132; *Leffman* v. *L. I. R.
R. Co.*, 120 App. Div. 528; 197 N. Y. 513.) The respond-
ent is not entitled to recover damages caused by reason of
the change of the grade of the railroad tracks upon the
right of way of the railroad. (*Radcliff* v. *Mayor, etc., of
Brooklyn*, 4 N. Y. 195; *Sauer* v. *City of New York*, 180
N. Y. 33; 206 U. S. 536; *Conkling* v. *O. & U. Ry. Co.*,
102 N. Y. 107; *Smith* v. *B. & A. R. R. Co.*, 181 N. Y.
132; *Matter of Myer* v. *Adam*, 63 App. Div. 549.)

*Francis F. Baker* for William H. Glenny, appellant.
Damages occasioned by this grade crossing improvement
belong, as personal property, to the owner in fee of the
premises at the time the damage was done, and do not
pass to his grantee by subsequent conveyance of the
land and its appurtenances. (*Matter of Grade Crossing
Comrs.*, 64 App. Div. 71; 169 N. Y. 605; *Matter of Open-
ing of Hamilton Street*, 144 App. Div. 702; *Matter of
City of New York* [*Newton Creek Bridge*], 128 App.
Div. 150; *King* v. *Mayor, etc., of New York*, 102 N. Y.
171; *Johnson* v. *Pettit*, 120 App. Div. 774; *Matter of
Mayor, etc.* [*Trinity Ave.*], 116 App. Div. 252; *Harris* v.
*Kingston Realty Company*, 116 App. Div. 704; *Matter
of Seventh Avenue*, 59 App. Div. 175; *Matter of Reubel*,
52 Misc. Rep. 604; *Neugent* v. *City of New York*, 58
Misc. Rep. 454.)

*Louis L. Babcock* and *Ansley W. Sawyer* for respond-
ent. The damages caused by the change of grade of the
railroad's right of way, which was incidental to and
necessitated by the change of grade of Colvin street, are
recoverable in this proceeding. (*Matter of Grade Cross-*

*ing Comrs.*, 59 App. Div. 498; 168 N. Y. 659; 207 N. Y. 52.) William H. Glenny had no cause of action or claim for damages for injury to parcel No. 4 against the city under the Grade Crossing Act at the date of his contract for conveyance in February, 1909, for the right to damages first accrued when the physical change was made in Colvin street. (*Matter of Grade Crossing Comrs.*, 154 N. Y. 550; 138 App. Div. 349; 59 App. Div. 498; 168 N. Y. 659; *King* v. *Mayor, etc.*, 102 N. Y. 171; *Chandler* v. *Norey*, 195 Ill. 596; 96 Ill. 278; *People ex rel. C. T. Co.* v. *Prendergast*, 202 N. Y. 188; *Comesky* v. *Suffren*, 179 N. Y. 393; *People ex rel. Bennett* v. *Dickey*, 148 App. Div. 663; *People ex rel. Jones* v. *Dickey*, 206 N. Y. 581; *People ex rel. Brisbane* v. *Zoll*, 97 N. Y. 207; *Matter of City of New York*, 128 App. Div. 150.)

MILLER, J.   This is a proceeding under section 12 of the Buffalo Grade Crossing Act (L. 1888, ch. 345, as amended by L. 1890, ch. 255). The appeal involves the award for damage parcel No. 4, which lies in an angle formed by the intersection of Colvin street and the New York Central and Hudson River Railroad belt line. The grade crossing at that point was abolished by elevating the railroad tracks and by depressing the street. Damages have been awarded for the change in the grade of the railroad as well as in that of the street.

Said section 12 provides in part, "If the commissioners shall decide that it is necessary for the purpose of carrying out any plan or modification or alteration of a plan adopted by them, that any street shall be closed or discontinued, or that the grade of any street or portion of any street or public ground shall be changed, and that any property may be injured thereby for which the owners or persons interested therein are lawfully entitled to compensation * * * the commissioners * * * may apply to a Special Term of the Supreme Court for the appointment of three commissioners to ascertain the

compensation therefor to be paid to the owners of, or parties interested in, the land * * * which may be injured."
. The words "injured thereby" obviously mean injured by the closing, discontinuance or change in the grade of a street. As Judge WILLARD BARTLETT pointedly said in *Matter of Grade Crossing Commissioners of Buffalo* (207 N. Y. 52, 56): "these enactments [referring to said section 12 and to section 406 of the Buffalo charter] deal simply with changes of grade in public streets; not at all with changes of grade in the private right of way belonging to a railroad company." He also observed that we could not hold otherwise than that there was statutory authority for an award of damages for a change in the grade of a railroad without overruling *Matter of Grade Crossing Commissioners* (59 App. Div. 498; affirmed, without opinion, 168 N. Y. 659). Such an award was undoubtedly sustained in that case, and it is now necessary to decide whether we shall adhere to that ruling. No rule of property is involved. The city and the railroad companies should not be compelled to keep on paying awards on an unsound rule merely because some claimants have been awarded too much.

The statute allows compensation to those "lawfully entitled" to it for injuries caused by a change in the grade of a street. Heretofore awards have been allowed perforce of section 406 of the Buffalo charter as supplemented by said section 12 without expressly deciding whether it was intended by the latter section to allow only such compensation as was already allowed by existing laws. (See *Matter of Grade Crossing Commissioners*, 154 N. Y. 550; *Matter of Grade Crossing Commissioners*, 201 N. Y. 32, and *Matter of Grade Crossing Commissioners*, 207 N. Y. 52, *supra*.) But in any view it is plain that the words "lawfully entitled" as well as the words "injured thereby" have some significance. The railroad company had the right to elevate or depress its tracks without making compensation to abutting owners and

irrespective of whether it obtained its right of way by deed or by condemnation. (*Bennett* v. *L. I. R. R. Co.*, 181 N. Y. 431; *Leffmann* v. *L. I. R. R. Co.*, 120 App. Div. 528; affirmed on opinion below, 197 N. Y. 513.) The sum originally paid by the railroad company on the acquisition of its right of way must be deemed to have included compensation for damages occasioned by changes made necessary to meet the increasing demands of its business or to conform to the requirements of public improvements. The abutting property owners are, therefore, neither legally nor morally entitled to compensation for changes in the grade of the railroad, and it would not be within the constitutional power of the legislature to require such compensation to be made. It is sufficient, however, on the point to say that the legislature has not undertaken to impose such a requirement.

The learned counsel for the respondent concedes that damages are recoverable only for a change in the grade of the street, but argues that the change in the grade of the railroad is incidental to and results from the change in the street, but it might as well be argued that the change in the street was caused by the change in the railroad. Both were made to abolish the grade crossing. Neither was the result of the other. If the result desired had been accomplished solely by the elevation of the railroad tracks there would be no possible basis for awarding compensation to abutting owners. The change in the grade of the street merely entitled the abutting property owner to damages occasioned by such change.

The appellant Glenny owned the property in question when the plan was filed, but had contracted to convey it before the physical change in the grade of the street was begun. The damages are caused when the physical change of grade is made and the then owner is the one entitled to compensation. (*People ex rel. Janes* v. *Dickey*, 206 N. Y. 581.)

The orders of the Special Term and of the Appellate

Division in so far as appealed from should be reversed, with costs to each of the appellants except the appellant Glenny, and the proceedings remitted to the commissioners of appraisal, with directions to make a new award to the respondent, *including no damages for the change of grade of the railroad.*

Cullen, Ch. J., Gray, Werner, Hiscock and Collin, JJ., concur; Cuddeback, J., not sitting.

Ordered accordingly.