down on Sunday *and* Monday. He then testifies that it was down on Sunday *or* Monday. Finally he is a little uncertain about Sunday, but says it was down all day on Monday. · For the reason before suggested, this is incredible. Bertha Rose says that on Monday night, the accident being on Tuesday, about half past 7, the lamp was down and unlighted. Her cross-examination satisfies us that no reliance is to be placed on her statements. When we offset the testimony of these witnesses with the testimony of the other witnesses called by plaintiff, contradicting their statements, and the very strong evidence offered by defendant, we think there is no credible evidence that the lamp was down more than an hour and a half or two hours before the accident. While it may be that, under the McDonald Case, this presented a question of fact for the jury, a finding that the lamp was down or unlighted for any longer period of time is so clearly against the weight of the evidence that it should be set aside.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur, except STAPLETON and RICH, JJ., who dissent.

---

## In re GRADE CROSSING COM'RS OF CITY OF BUFFALO.

### In re BARBER ASPHALT PAVING CO. et al.

#### (No. 97.)

(Supreme Court, Appellate Division, Fourth Department.　January 6, 1915.)

1. RAILROADS (§ 99*)—CROSSING STREET—CHANGING GRADE—COMPENSATION.

Since a railroad company may elevate or depress its tracks without making compensation to abutting owners, such owners were not entitled to compensation for damages alleged to have been sustained by reason of a change of the grade of a railroad on its own right of way, in proceedings to eliminate a grade crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–295, 297–304; Dec. Dig. § 99.*]

2. COURTS (§ 93*)—RULES OF DECISION—PRECEDENTS—RULES OF PROPERTY.

Prior decisions, that damages might be allowed for injuries to abutting property from a change in the grade of a railroad on its private right of way, in connection with the elimination of grade crossings, were not a rule of property, and, being erroneous, the court could properly refuse to follow same.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 336–339; Dec. Dig. § 93.*]

Appeal from Special Term, Erie County.

Application of the Grade Crossing Commissioners of the City of Buffalo to ascertain compensation to be paid to landowners for the change in the grade of a street. From a report of commissioners, and from an order of the Special Term of the Supreme Court of Erie County confirming the same, awarding to the Barber Asphalt Paving Company, parcel No. 1, $60,000; to the International Railway Company, parcel No. 2, $19,000; to August Uihlein, parcel No. 3, $11,-161; to the Lehigh Valley Coal Company, parcel No. 5, $19,500; to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Conrad Weitz, parcel No. 6, $10,400; to the Lumen Bearing Company, parcel No. 7, $36,420; to the Henry P. Burgard Company, parcel No. 11, $48,172; and to Louis Wollenberg, parcel No. 12, $12,500 —the Grade Crossing Commissioners, the New York Central & Hudson River Railroad Company, and the City of Buffalo appeal. Reversed, and commissioners' report set aside, and new hearing ordered before new commissioners.

See, also, 149 N. Y. Supp. 1084.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Jeremiah J. Hurley, of Buffalo, for appellant City of Buffalo.

De Witt Clinton, of Buffalo, for appellants Grade Crossing Com'rs.

Alfred L. Becker, of Buffalo, for appellant New York Cent. & H. R. R. Co.

Lyman M. Bass, of Buffalo, for respondent Lehigh Valley Coal Co.

Daniel V. Murphy, of Buffalo, for respondent Barber Asphalt Paving Co.

Norton, Penney, Spring & Moore, of Buffalo, for respondent International Ry. Co.

John J. Sullivan, of Buffalo, for respondent Uihlein.

Henry W. Killeen, of Buffalo, for respondents Weitz and Wollenberg.

Frederick Slee, of Buffalo, for respondent Lumen Bearing Co.

Eugene L. Falk, of Buffalo, for respondent Henry P. Burgard Co.


PER CURIAM. The appeals in this proceeding challenge the correctness and legality of the awards of compensation to the several respondents whose real property is deemed to be affected by the change of grade of Sycamore street and Walden avenue, at or near the New York Central & Hudson River Railroad Belt Line in the city of Buffalo, which change of grade has been made by authority of chapter 345 of the Laws of 1888 and its several amendments.

[1] The commissioners received testimony as to the supposed damage to the lands of the respondents by reason of the change in the grade of the railroad upon its own right of way, and have included such damages in their awards, together with the consequent loss of branch or switch tracks. Since the report of the commissioners was made and confirmed, the Court of Appeals has held that damages cannot be awarded for such change in the grade of the railroad. In re Application of Grade Crossing Com'rs, 209 N. Y. 139, 102 N. E. 552. In view of this decision, it is manifest that it was error for the commissioners to receive the evidence as to the effect of the change of the railroad grade upon respondents' property and to award damages on that account.

[2] We are also of opinion that in the decision referred to it has been held that, although awards for damages due to change of the railroad grade had been previously sustained by that court in Matter of Grade Crossing Com'rs, 59 App. Div. 498, 69 N. Y. Supp. 152, affirmed without opinion 165 N. Y. 659, 61 N. E. 1129, still no rule of property was affected by the overruling of such former decision,

and that, following what we understand to be the later decision of that court above referred to, we must hold that no rule of property prevents the application in this case of the rule of damages so laid down.

For these reasons, the order confirming the commissioners' report must be reversed, and the report of the commissioners set aside, and a new hearing ordered before new commissioners to be appointed at Special Term.

