In the Matter of the Application of the GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO for the Appointment of Commissioners to Ascertain the Compensation to Owners of Lands Injured by the Change of Grade of Sycamore Street and Walden Avenue.

BARBER ASPHALT COMPANY et al., Appellants; GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO et al., Respondents.

In the Matter of the Application of the GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO for the Appointment of Commissioners to Ascertain the Compensation to Owners of Lands Injured by Change of Grade of Urban and Fougeron Streets.

GEORGE URBAN MILLING COMPANY et al., Appellants; GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO et al., Respondents.

*Matter of Grade Crossing Comrs. Buffalo*, 166 App. Div. 956, affirmed.

*Matter of Grade Crossing Comrs. Buffalo*, 166 App. Div. 964, affirmed.

(Argued June 1, 1915; decided July 13, 1915.)

APPEAL in each of the above-entitled proceedings, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 6, 1915, which reversed an order of Special Term confirming the report of commissioners of appraisal. The following questions were certified in the first proceeding:

"1. Were the commissioners of appraisal in this proceeding, as matter of law, authorized to award any com. pensation to the owners of parcels Nos. 1, 2, 3, 5, 6, 7, 11 and 12 respectively for injuries sustained by them by carrying out the proposed plan adopted by the grade crossing commissioners herein and caused by the change of grade of the railroad tracks of the New York Central and Hudson River Railroad Company upon its own right-of-way?

"2. Were said commissioners of appraisal authorized, of matter of law, to award compensation to said owners, or any of them, on account of the loss or impairment of branch or switch tracks upon their said property caused by the change of the grade of the tracks of said railroad company upon its own right-of-way?

"3. Were said commissioners of appraisal authorized, as matter of law, to award any compensation to said owners or any of them, except for injury to their said property due to the change of the recorded grade of the public streets upon which said property abuts?

"4. Did said owners, or any of them, have a vested property right, entitling them to compensation herein for injury to their said property by the alteration of the grade of said railroad company's tracks upon its own right-of-way? .

"5. Do any of the exceptions contained in the record call for the reversal of the order of the Special Term confirming the report of said appraisal commissioners?"

The following questions were certified in the second proceeding:

"1. Were the commissioners of appraisal in this proceeding, as matter of law, authorized to award any compensation to the owners of parcel No. 1 for injuries sustained by them for carrying out the proposed plan adopted by the grade crossing commissioners herein and caused by the change of grade of the railroad tracks of the New York Central and Hudson River Railroad Company upon its own right-of-way?

"2. Were said commissioners of appraisal authorized, as matter of law, to award compensation to said owners on account of the loss or impairment of branch or switch tracks upon their said property caused by the change of the grade of the tracks of said railroad company upon its own right-of-way?

"3. Were said commissioners of appraisal authorized, as matter of law, to award any compensation to said owners, except for injury to their said property due to the

change of the recorded grade of the public streets upon which said property abuts ?

"4. Did said owners have a vested property right entitling them to compensation herein for injury to their said property by the alteration of the grade of said railroad company's tracks upon its own right-of-way ?

" 5. Do any of the exceptions contained in the record call for reversal of the order of the Special Term confirming the report of said appraisal commissioners ? "

*D. J. Kenefick* and *Lyman M. Bass* for appellants.

*William S. Rann, Corporation Counsel (Jeremiah J. Hurley* of counsel), *Myron S. Short, Alfred L. Becker* and *De Witt Clinton* for respondents.

Orders in each proceeding affirmed, with costs, on authority of *Matter of Grade Crossing Comrs.* (209 N. Y. 139). All questions certified answered in the negative except the third question, which is not answered; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN and MILLER, JJ. Not voting: CUDDEBACK, J. Dissenting: SEABURY, J.