DAN GORDON JUDGE, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 25218.)

Third Department, November 12, 1941.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Jr., Assistant Attorney-General,* of counsel], for the appellant.

*Samuel Wetschler,* for the respondent.

*William C. Chanler, Corporation Counsel, City of New York.*

*Cravath, deGersdorff, Swaine & Wood [Jesse C. Millard* of counsel], for The Staten Island Rapid Transit Railroad Company.

Hill, P. J. The State appeals from a judgment for damages of $3,146.46, together with interest, awarded claimant in connection with a grade crossing elimination of the Staten Island Rapid Transit Railroad Company at Elm Park to Mariners Harbor, Richmond borough, N. Y. The judgment consists of two items: one, $3,000 for the permanent appropriation of approximately 800 square feet of land on the northerly side and adjoining the right of way of the railroad company. The opinion of the court indicates that this was valued at $480 and the remainder of the $3,000 was awarded as consequential damage to the unappropriated land because the tracks of the railroad company, which are now three or four feet above the level of claimant's land, will be depressed and lowered some sixteen feet to a level twelve or thirteen feet below the surface. The other item is $146.46 for a temporary easement used in connection with the work incidental to the change of grade. No question is raised except as to the consequential damages. Claimant's land fronts on the railroad about seventy-eight feet. The grade of the street adjacent to the premises is not to be changed, and the remainder will be as available for the use to which it is adapted as previously, with one exception. A railroad switch could not be as easily constructed and probably would not be as available.

The grade crossing elimination statutes create no new liability against the State for consequential damages to property unappropriated, but they save to the owner such rights as he had under any statute, making the State liable therefor in the first instance. (*Askey & Hager, Inc.*, v. *State of New York*, 240 App. Div. 451; affd., 266 N. Y. 587.) The grade of the street adjacent to claimant's property is not to be changed; thus the *Askey & Hager* case (*supra*) and cases which have followed it do not apply.

In *N. Y. C. R. R. Co.* v. *Maloney* (234 N. Y. 208) commissioners had awarded to a land owner compensation for lands condemned and taken by a railroad company adjacent to its existing right of way, and likewise for consequential damages to his remaining lands because of the proposed change of grade of the railroad tracks.

" The Hudson River Railroad Company, the predecessor of plaintiff, as a step in the condemnation proceeding of 1848, filed a profile and map as it was by law required to do. Van Amburg, the then owner of the property, was awarded damages for the land taken and damages incidental thereto, based upon a roadbed to be constructed as shown on the map so filed. The grade established at that time was not one to be forever adhered to; on the contrary, it was subject to be depressed or elevated as experience and the needs of the company in service and safety of the public

required without further compensation to the owner of the land condemned or his successor in title. (*Bennett* v. *L. I. R. R. Co.*, 181 N. Y. 431; *Leffmann* v. *L. I. R. R. Co.*, 120 App. Div. 528; affd., on opinion below, 197 N. Y. 513; *Matter of Grade Crossing Comrs., Buffalo*, 209 N. Y. 139; *Matter of Grade Crossing Comrs., Buffalo*, 166 App. Div. 956; affd., 215 N. Y. 729.)

" The railroad company having a legal right to elevate its existing tracks it was error for the commissioners to receive evidence of damages in part due to an increase in the grade of such tracks."

The only factor of damages claimed which sustains the contention that claimant's remaining lands are of less value because of the taking of a portion, is that the railroad tracks will be lowered. This will not sustain an award for consequential damages.

The judgment of the Court of Claims should be modified on the law and facts, by reducing it to the sum of $626.46, with interest thereon computed as in the judgment appealed from, and as so modified affirmed, without costs.

BLISS, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Judgment of the Court of Claims modified on the law and facts by reducing the judgment to the sum of $626.46, with interest thereon as in the judgment appealed from, and as so modified affirmed, without costs.

The court reverses finding of fact Number 7 in the decision and disapproves of the conclusion of law.

The court makes the following findings of fact: That the damage for the land taken was $480; the remainder of the $3,000 was consequential damages for change of grade. The latter we disapprove. We make an award of $480, together with $146.46, the value of the use of the temporary easement.