plaintiff saw the car, the negligence of the defendant cannot be predicated on an alleged failure to ring the gong." This the court refused, saying, "You cannot tell what the plaintiff saw, as he was not driving the car;" and the defendant excepted. This, too, was error, because such warning was unnecessary, in view of the fact, testified to by himself, that the plaintiff saw the car approaching. Schulman v. Ferry Co., 15 Misc. Rep. 30, 36 N. Y. Supp. 439. The judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, J., concurs, on the ground that it was error to refuse to charge that, if the plaintiff saw the car, the defendant's negligence cannot be based upon the failure of the defendant to ring the gong. LEVENTRITT, J., takes no part.

━━━━━━

REYNOLDS v. ÆTNA LIFE INS. CO. et al.

(Supreme Court, Special Term, Kings County.  December, 1899.)

COSTS ON APPEAL—SEPARATE COSTS TO RESPONDENTS WHERE ISSUES ARE DISTINCT.
  Where an issue tried between several defendants is wholly distinct, and bears no relation to the issue between the plaintiff and the defendants, a judgment on an appeal between the defendants upon their issue, to which plaintiff was a necessary respondent to maintain his judgment recovered on the main issue, which awards costs to "respondents," entitles the plaintiff and the responding defendant to their separate costs.

Action by Frank Reynolds, as receiver of Richard Worthington, deceased, against the Ætna Life Insurance Company and others. A judgment of the appellate division, modifying and affirming a judgment for plaintiff (51 N. Y. Supp. 446), was affirmed by the court of appeals (55 N. E. 305). Motion to resettle judgment as to costs on the remittitur from the court of appeals. Denied.

William C. Davis, for the motion.
William S. Bennett, opposed.

GAYNOR, J. In Van Gelder v. Van Gelder, 84 N. Y. 658, it was held that "costs to the respondents" in the remittitur meant only one bill of costs for all of the respondents. But there the respondents seem to have been united in interest, or at least their several interests were germain to the main issue. Was that the case here? The insurance company defendant here concededly owed the amount of a life insurance policy. The plaintiff claimed it, as did also two others. The plaintiff therefore brought this suit in equity against the insurance company and the said two other claimants, alleging the conflicting claims, and praying that the plaintiff might be adjudged entitled to the money. "After" the suit was begun the defendant insurance company, instead of waiting for the event, paid the money to the said two other claimants, its co-defendants. It afterwards served an answer that its said two co-defendants induced

it to so pay the money to them by "fraudulent tricks and devices," and prayed for judgment against them to recover it back. On the trial the plaintiff got judgment, but the court refused to delay or complicate the plaintiff's case with the said controversy between the defendants, ruling that it was not germane to the plaintiff's case, and refusing to decide it. The plaintiff's rights could in no way be affected by the said dispute between the defendants created by themselves after the suit was begun. The appellate division affirmed the plaintiff's judgment, but went further and tried the dispute between the defendants, and gave judgment to the defendant insurance company against its said two co-defendants for a recovery back of the money. Thereupon the said two co-defendants appealed to the court of appeals from the judgment of the appellate division. The defendant insurance company did not appeal from the plaintiff's judgment. The plaintiff thus became a respondent against the said two appealing co-defendants to maintain its judgment establishing its right against all of the defendants to the fund, and the defendant insurance company became a respondent to maintain its said judgment for the recovery of the money against its said two co-defendants.

The court of appeals has held that these two controversies were germane to each other, and affirmed the entire judgment. I confess my inability to see that they were. They seem to be wholly distinct and independent of each other. But that is not to the present purpose, for they were germane, i. e., the court of appeals has so decided. That being so it is claimed that the giving of costs to the "respondents" by the court of appeals meant only one bill for both, the same as in the Van Gelder Case. But I am reluctant to so construe the remittitur. On this question of costs it seems to me that the actual fact that the issue between the defendants was wholly distinct from and bore no relation whatever to the issue between the plaintiff and the defendants, should govern. The plaintiff should not be made to share his costs with the defendant insurance company because it prevailed over its two co-defendants in the issue litigated between it and them. That is no matter to the plaintiff. If the defendant insurance company had failed on such issue, or if such issue had not been raised at all, the plaintiff would be in the very same case that he is now, viz., with his judgment against the defendants for the fund. As the plaintiff is entitled to costs, and as the remittitur gives costs to the "respondents," I see no way except to interpret the remittitur as giving a bill of costs to each respondent.

The motion is denied without costs.