In re PINE'S STREAM AND EAST MEADOW STREAM IN TOWN OF HEMPSTEAD.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. COSTS (§ 244*)—ON APPEAL—IN EQUITY—"WITH COSTS."

In equity cases, where there are several respondents, an affirmance of a judgment on appeal "with costs" means only one bill of costs; all the respondents being generally united in interest.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 945; Dec. Dig. § 244.*

For other definitions, see Words and Phrases, vol. 8, p. 7494.]

2. JUDGMENT (§ 524*)—CONSTRUCTION OF FORMER DECISION.

In determining the scope of a former decision, the facts to which it was applied must be considered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 967; Dec. Dig. § 524.*]

3. COSTS (§ 2*)—PURPOSE.

The purpose of an award of costs is to indemnify the successful party for the expense of maintaining his rights.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 2.*]

4. EMINENT DOMAIN (§ 265*)—PROCEEDINGS—COSTS ON APPEAL—"WITH COSTS."

Where a final order in condemnation proceedings by a city against the owners of separate parcels of land who appeared by separate attorneys was affirmed "with costs" by the Court of Appeals on the city's appeal, each of the owners was entitled to a separate bill of costs.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 693; Dec. Dig. § 265.*]

5. EMINENT DOMAIN (§ 265*)—PROCEEDINGS—COSTS ON APPEAL.

Interest on an award of the commissioners in eminent domain proceedings by a city is no part of the costs of the Court of Appeals or the Appellate Division on appeal from the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 693; Dec. Dig. § 265.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. EMINENT DOMAIN (§ 265*) — PROCEEDINGS — COSTS — INTEREST IN AWARD — "VERDICT" — "REPORT" — "DECISION"—"FINAL JUDGMENT FOR A SUM OF MONEY."

Under Code Civ. Proc. § 1235, providing that where final judgment is rendered for a sum of money, awarded by a verdict, report, or decision, interest upon the sum awarded must be computed by the clerk and included in the amount of the judgment, interest on an award of the commissioners in eminent domain proceedings is no part of the taxable costs, the final order making the award not being a "verdict," "report," or "decision" within the statute, nor is an order awarding costs a "final judgment for a sum of money" as awarded by the commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 693; Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 2, pp. 1897, 1898; vol. 7, pp. 6106, 6107; vol. 8, pp. 7293–7295, 7827.]

Appeal from Special Term, Nassau County.

In the matter of the application of the City of New York to acquire certain real estate for purposes of water supply. From an order directing in part a new taxation of costs, an appeal was taken. Affirmed.

The following is the opinion of Blackmar, J., in the court below:

This is a motion by the city of New York for a new taxation of certain bills of cost.

It appears that this is a proceeding by the city of New York to acquire certain real estate upon Pine's stream and East Meadow stream, in the town of Hempstead and the county of Nassau, for purposes of water supply. The proceeding embraces several distinct parcels of land owned by separate owners, who appear by separate attorneys. The commissioners recommended that each of the owners be awarded costs and allowances; and a final order was entered to that effect. An appeal was taken therefrom to the Appellate Division, on the ground that separate bills of costs should not be awarded to the separate owners. The order appealed from was affirmed by the Appellate Division. 125 App. Div. 219, 109 N. Y. Supp. 652. An appeal was thereupon taken to the Court of Appeals, where the order of the Appellate Division was affirmed "with costs." 85 N. E. 1117. An order of this court was entered June 10, 1908, making the order and judgment of the Court of Appeals the order and judgment of this court. Thereupon each of the owners responding to the appeal who appeared by separate attorneys presented separate bills of costs to the clerk, who taxed and adjusted them and inserted therein interest on the cost and allowances awarded by the original order from the date of such order to the date of taxation. The corporation counsel has moved for a new taxation, claiming that only one bill of costs should be allowed, and that in any event it was not proper to include in the bill of costs interest on the amount of costs awarded by the original order.

The primary question presented depends on the meaning of the judgment and order of the Court of Appeals which was made the judgment and order of this court. An inspection of the order entered upon the remittitur shows that the determination of the Court of Appeals was "that the said order of the Appellate Division appealed from herein be affirmed with costs." Does this mean costs to each of the respondents, or one bill of costs against the appellant and in favor of all the respondents? The general rule laid down by the Court of Appeals in Van Gelder v. Van Gelder, 84 N. Y. 658, is that the words in an order of the Court of Appeals, "with costs to the respondents," mean that only one bill of costs is to be allowed. That, however, was an action in equity, in which presumably all the defendants were united in interest against the claim of the plaintiff. The case of Isola v. Weber, 12 App. Div. 267, 42 N. Y. Supp. 615, is authority only for the proposition that when the remittitur recites "that the order of the general term appealed from herein to this court

be, and the same is hereby, reversed, and the order of the Special Term affirmed with costs," the Supreme Court had no power to enlarge the terms of the decision of the Court of Appeals by entering an order upon the remittitur, "with costs to each of the appellants." This also seems to be the scope of the decision in Re New York, West Shore & Buffalo R. R. Co., 28 Hun, 505. The rule that the words "with costs" or "with costs to the respondents," where there are several respondents, means only one bill of costs, is therefore well settled in suits in equity; and the case last cited seems also to apply the same rule to condemnation proceedings to acquire land where the owners of the leasehold and reversion appear by separate attorneys.

In determining the scope of a decision of the courts, consideration must be had of the facts to which the decision was applied. It is readily understood that the term "with cost," or "with cost to the respondents," in an equity suit, means one bill of costs, for in such an action the parties on one side are usually united in interest, or they have a common interest in contesting the claim of the opposite party. If the court meant to determine that the parties were so separate in interest that each could be indemnified for a separate defense by a separate attorney, such decision would find expression in the words of the order. It does not, however, seem to me that this rule applies to a case of condemnation proceedings in which the rights of several owners of separate parcels entirely distinct in ownership are involved. In such a proceeding the interests are separate, and a distinct question arises between the party seeking condemnation and the owners of each separate parcel. This principle of interpretation was applied by a Special Term of this court in Reynolds v. Ætna Life Ins. Co., 30 Misc. Rep. 152, 61 N. Y. Supp. 901. See, also, Schenectady R. R. Co. v. Lyon, 44 Misc. Rep. 275, 89 N. Y. Supp. 908.

I do not regard the decision in Re New York, West Shore & Buffalo R. R. Co., 28 Hun, 505, as controlling on the question before me. In that case the owner of the fee and of a leasehold interest appeared by separate attorneys. As against the petitioner their interests were identical. They were united in interest on the question of the right to condemn and the value of the land taken. The division of the award for the whole property between the owners of the particular estate and remainder did not concern the petitioners.

The principle underlying the award of costs is that their purpose is to indemnify the successful party against the expenses of maintaining his rights in the courts; and it seems to me that there is no reason why the owner of one parcel of land should be subjected to the trouble and expense of asserting his rights in a condemnation proceeding without compensation by way of costs, simply because other parcels of land under distinct ownership are joined in the same proceeding. This principle was recognized in the original order in this proceeding which awarded costs and allowances to each claimant; and their legal interests are as much distinct now as at any time during the pendency of this proceeding.

In interpreting the order of the Court of Appeals, the difference between the nature of this case and the Van Gelder Case renders the rule therein laid down inapplicable. I think, therefore, that the clerk was right in taxing separate bills of costs for the separate respondents.

The second question raised upon this motion is whether the clerk was right in inserting in the bills of costs interest on the amounts awarded to the claimants by the order of June 18, 1907. I do not see any justification for this allowance of interest. The rights of the parties under that order were fixed by the order, and, if they are entitled to interest, it is by virtue of that order. One of the counsel cites in his brief the provision in section 500 of the charter of New York (Laws 1901, p. 224, c. 466) which he claims shows that the respective amounts ordered to be paid to the owners by way of costs draw legal interest. If this be so, the interest may be collected in the same way as the principal sum. This interest is certainly not a part of the costs of the Court of Appeals or of the Appellate Division. There is no provision in the Code which justifies such allowance. Counsel refers to section 1235 of the Code of Civil Procedure, which reads as follows: "Where final judgment is rendered for a sum of money, awarded by a verdict, report, or decision, interest upon the sum awarded, from the time when the verdict was rendered, or the report or decision was made, to the time of entering judgment, must be computed by

the clerk, added to the sum awarded and included in the amount of the judgment." It seems plain to me that this section does not apply to the present case. The final order of June 18, 1907, is neither a verdict, a report, nor a decision within the meaning of such section. Neither is the order which will award to the plaintiff costs, the taxation of which is the subject of this motion, a final judgment for a sum of money awarded by the order of June 18, 1907.

The adjustment and taxation of the clerk is affirmed except as to the items of interest. A new taxation is therefore directed, upon which this item of interest shall be stricken out, and separate bills of costs taxed in favor of the separate respondents.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Edward H. Wilson (James D. Bell, on the brief), for appellant. John Lyon and Theodore N. Ripsom, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Blackmar at Special Term.