Matter of the Application of THE CITY OF NEW YORK to Acquire Certain Real Estate Upon Pine's Stream and East Meadow Stream in the Town of Hempstead, in the County of Nassau, for Purposes of Water Supply.

(Supreme Court, Kings Special Term, January, 1909.)

Eminent domain — Condemnation proceedings — Costs — Costs on appeal — Amount and items.

> Where, in a proceeding by the city of New York to acquire for the purposes of a water supply several distinct parcels of land owned by separate owners who appear by separate attorneys, the court, upon the recommendation of the commissioners, directs the entry of a final order awarding costs and allowances to each of said owners and, upon appeal, the order is affirmed by the Appellate Division and its order is affirmed by the Court of Appeals "with costs," separate bills of costs for the separate respondents are properly taxed, but it is improper to include in each interest upon the amount of costs and allowances awarded by the original order, such interest being no part of the costs in the Court of Appeals or in the Appellate Division.

> The final order appealed from was neither a verdict, a report, nor a decision within the meaning of section 1235 of the Code of Civil Procedure, nor will the order to be entered in conformity with the decision of the Court of Appeals to be a final judgment for a sum of money.

MOTION for a new taxation of costs.

Francis K. Pendleton, Corporation Counsel (James D. Bell and Edward H. Wilson, of Counsel), for motion.

John Lyon, for William DeCourcey White et al.

Bennett & Underhill, for Long Island Realty Co. et al.

Van Ingen, Seibert & Paddock, for William Bonner.,

Theodore N. Ripson, for Emory Brower et al.

BLACKMAR, J.   This is a motion by the city of New York for a new taxation of certain bills of costs.

It appears that this is a proceeding by the city of New York to acquire certain real estate upon Pine's stream and East Meadow stream, in the town of Hempstead and the county of Nassau, for purposes of water supply. The proceeding embraces several distinct parcels of land owned by separate owners who appear by separate attorneys. The commissioners recommended that each of the owners be awarded costs and allowances, and a final order was entered to that effect. An appeal was taken therefrom to the Appellate Division on the ground that separate bills of costs should not be awarded to the separate owners. The order appealed from was affirmed by the Appellate Division. An appeal was thereupon taken to the Court of Appeals, where the order of the Appellate Division was affirmed " with costs." An order of this court was entered June 10, 1908, making the order and judgment of the Court of Appeals the order and judgment of this court. Thereupon, all of the owners responding to the appeal who appeared by separate attorneys presented separate bills of costs to the clerk, who taxed and adjusted them and inserted therein interest on the costs and allowances awarded by the original order, from the date of such order to the date of taxation. The corporation counsel has moved for a new taxation, claiming that only one bill of costs should be allowed, and that, in any event, it was not proper to include in the bill of costs interest on the amount of costs awarded by the original order.

The primary question presented depends on the meaning of the judgment and order of the Court of Appeals which was made the judgment and order of this court. An inspection of the order entered upon the remittitur shows that the determination of the Court of Appeals was " that the said order of the Appellate Division appealed from herein be affirmed with costs." Does this mean costs to each of the respondents, or one bill of costs against the appellant and in favor of all the respondents? The general rule laid down by the Court of Appeals in Van Gelder v. Van Gelder, 84 N. Y. 658, is that the words in an order of the Court of Appeals " with costs to the respondents " mean that only one bill of costs is to be allowed. That, however, was an action

in equity in which, presumably, all the defendants were united in interest against the claim of the plaintiff. The case of Isola v. Weber, 12 App. Div. 267, is authority only for the proposition that, when the remittitur recites " that the order of the general term appealed from herein to this court be and the same is hereby reversed, and the order of the special term affirmed with costs," the Supreme Court had no power to enlarge the terms of the decision of the Court of Appeals by entering an order upon the remittitur " with costs to each of the appellants." This also seems to be the scope of the decision in New York, West Shore & Buffalo R. R. Co., 28 Hun, 505. The rule that the words " with costs " or " with costs to the respondents," where there are several respondents, mean only one bill of. costs is, therefore, well settled in suits in equity; and the case last cited seems also to apply the same rule to condemnation proceedings to acquire land where the owners of the leasehold and reversion appear by separate attorneys. In determining the scope of a decision of the courts, consideration must be had of the facts to which the decision was applied. It is readily understood that the term " with costs," or " with costs to the respondents," in an equity suit, means one bill of costs; for in such an action the parties on one side are usually united in interest, or they have a common interest in contesting the claim of the opposite party. If the court meant to determine that the parties were so separated in interest that each should be indemnified for a separate defense by a separate attorney, such decision would find expression in the words of the order. It does not, however, seem to me that this rule applies to a case of condemnation proceedings, in which the rights of several owners of separate parcels entirely distinct in ownership are involved. In such a proceeding, the interests are separate; and a distinct question arises between the party seeking condemnation and the owners of each separate parcel. This principle of interpretation was applied by a special term of this court in Reynolds v. Ætna Life Insurance Co., 30 Misc. Rep. 152. See also Schenectady R. R. Co. v. Lyon, 44 id. 275.

I do not regard the decision in New York, West Shore &

Supreme Court, January, 1909.     [Vol. 62.

Buffalo R. R. Co., 28 Hun, 505, as controlling on the question before me. In that case the owner of the fee and the owner of a leasehold interest appeared by separate attorneys. As against the petitioner their interests were identical. They were united in interest on the question of the right to condemn and the value of the land taken. The division of the award for the whole property between the owners of the particular estate and remainder did not concern the petitioners.

The principle underlying the award of costs is that their purpose is to indemnify the successful party against the expenses of maintaining his rights in the courts; and it seems to me that there is no reason why the owner of one parcel of land should be subjected to the trouble and expense of asserting his rights in a condemnation proceeding, without compensation by way of costs, simply because other parcels of land under distinct ownership are joined in the same proceeding. This principle was recognized in the original order in this proceeding which awarded costs and allowances to each claimant, and their legal interests are as much distinct now as at any time during the pendency of this proceeding. In interpreting the order of the Court of Appeals, the difference between the nature of this case and that of the Van Gelder case renders the rule therein laid down inapplicable. I think, therefore, that the clerk was right in taxing separate bills of costs for the separate respondents.

The second question raised upon this motion is whether the clerk was right in inserting in the bills of costs interest on the amounts awarded to the claimants by the order of June 18, 1907. I do not see any justification for this allowance of interest. The rights of the parties under that order were fixed by the order; and, if they are entitled to interest, it is by virtue of that order. One of the counsel cites in his brief the provision in section 500 of the charter of New York, which he claims shows that the respective amounts ordered to be paid to the owners by way of costs draw legal interest. If this be so, the interest may be collected in the same way as the principal sum. This interest is certainly not a part of the costs of the Court of Appeals or of the Appellate Division. There is no provision in the Code which

justifies such allowance. Counsel refers to section 1235 of the Code which reads as follows: "Where final judgment is rendered for a sum of money, awarded by a verdict, report, or decision, interest upon the sum awarded, from the time when the verdict was rendered, or the report or decision was made, to the time of entering judgment, must be computed by the clerk, added to the sum awarded, and included in the amount of the judgment."

It seems plain to me that this section does not apply to the present case. The final order of June 18, 1907, is neither a verdict, a report, nor a decision within the meaning of such section. Neither is the order which will award to the plaintiff costs, the taxation of which is the subject of this motion, a final judgment for a sum of money awarded by the order of June 18, 1907.

The adjustment and taxation of the clerk is affirmed, except as to the items of interest. A new taxation is, therefore, directed, upon which this item of interest shall be stricken out, and separate bills of costs taxed in favor of the separate respondents.

Ordered accordingly.