In the Matter of the Application of the Grade Crossing Commissioners of the City of Buffalo, Appellants, for the Appointment of Commissioners to Ascertain the Compensation to Be Paid for Lands of MARY H. JEWETT and Others.

THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY et al., Appellants; LUCIA C. HALBERT, Respondent.

Buffalo (city of) — Grade Crossing Act — change of street grade caused by change in level of railroad tracks — when damages cannot be awarded for alleged damages to lot, separated from railroad by intervening lot.

1. Under the legislation affecting changes of grade in Buffalo (Charter, § 406 [L. 1891, ch. 105]; Buffalo Grade Crossing Act, § 12 [L. 1888, ch. 345; amd. L. 1890, ch. 255]), commissioners of appraisal are not absolutely restricted to a consideration of the injury occasioned by a change of street grade, but may in a proper case make an award on account of damages done to property fronting on a railroad by a change in the railroad level. (*Matter of Grade Crossing Commissioners*, 59 App. Div. 498; affd., 168 N. Y. 659, followed.)

2. But where a lot does not lie adjacent to the railroad and the intervening lot is held by other private ownership, the injury thereto because deprived of the possibility of a private switch track is too remote and speculative to be the basis of an award of damages.

*Matter of Grade Crossing . Commissioners*, 152 App. Div. 853, reversed.

(Argued November 21, 1912; decided December 31, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 14, 1912, which affirmed an order of Special Term confirming the report of commissioners of appraisal fixing the sum of $5,000 as the compensation to be paid to the owner of parcel No. 2 in this proceeding, namely, Lucia C. Halbert, injured by the change of grade of Main street.

The facts, so far as material, are stated in the opinion.

*Irving R. Templeton* for grade crossing commissioners, appellants. There is no statute under which an award for consequential damages, due from the lowering of the tracks of the New York Central railroad on its own right of way can be sustained. (*City of Detroit* v. *D. U. Railway*, 156 Mich. 106.) In the absence of any statute providing for compensation, the city is not liable for any damage resulting to respondent in consequence of any change of grade. (*Radcliff* v. *Mayor, etc.*, 4 N. Y. 195; *Matter of Grade Crossing Comrs.*, 201 N. Y. 37; 154 N. Y. 550; *Egerer* v. *N. Y. C. R. R. Co.*, 130 N. Y. 114; *People* v. *Stillings*, 136 App. Div. 439; *Warner* v. *State*, 132 App. Div. 612; *Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 170; *Sauer* v. *N. Y. City*, 180 N. Y. 33.) The supposed injury to respondent's lot because it is deprived of the possibility of a private switch track is too remote and speculative to be the basis of an award of damages. (*Matter of Simmons*, 130 App. Div. 350; 195 N. Y. 573.)

*Alfred L. Becker* for New York Central and Hudson River Railroad Company, appellant. The commissioners adopted an erroneous theory of damages to parcel No. 2 because they awarded damages caused solely by the change of grade of the railroad tracks on the private right of way of the railroad with which the grade crossing commissioners have nothing to do. (*Matter of Grade Crossing*

*Comrs.*, 168 N. Y. 659; 59 App. Div. 498; 203 N. Y. 628; 146 App. Div. 885; *Bennett* v. *L. I. R. R. Co.*, 181 N. Y. 431; 89 App. Div. 379; *Leffman* v. *L. I. R. R. Co.*, 197 N. Y. 513; 120 App. Div. 528; *Rauenstein* v. *N. Y., L. & W. R. R. Co.*, 136 N. Y. 528; *Talbot* v. *N. Y. & H. R. R. Co.*, 151 N. Y. 155; *Conklin* v. *N. Y., O. & W. R. Co.*, 102 N. Y. 107; *Folinsbee* v. *City of Amsterdam*, 142 N. Y. 118; *Smith* v. *B. & A. R. R. Co.*, 181 N. Y. 132; *Matter of Torge* v. *Village of Salamanca*, 176 N. Y. 324; *Sauer* v. *City of New York*, 180 N. Y. 27.) It was error to consider alleged damages to parcel 2 from loss of possible switching facilities for the reason that it does not abut upon the railroad, but is separated from it by parcel 3, belonging to other owners, which is 21½ feet wide at its narrowest point and nearly 150 feet wide at its widest point. (*Hatfield* v. *Straus*, 189 N. Y. 208; *Fanning* v. *Osborne*, 102 N. Y. 441; *Paige* v. *S. R. R. Co.*, 178 N. Y. 102; *R. & S. R. R. Co.* v. *Davis*, 43 N. Y. 137; *Matter of Split Rock Cable Road Co.*, 128 N. Y. 480; *Matter of N. Y. C. & H. R. R. R. Co.*, 6 Hun, 149; *Matter of Brooklyn Elevated R. R. Co.*, 87 Hun, 104; 147 N. Y. 344.)

*Clark H. Hammond, Corporation Counsel* (*Jeremiah J. Hurley* of counsel), for city of Buffalo, appellant. The respondent is not entitled to recover damages caused by reason of the change of the grade of the railroad tracks upon the right of way of the railroad. (*Radcliff* v. *Brooklyn*, 4 N. Y. 195; *Sauer* v. *New York City*, 180 N. Y. 33; 206 U. S. 536; *Conklin* v. *N. Y., O. & W. Ry. Co.*, 102 N. Y. 107; *Smith* v. *B. & A. R. R. Co.*, 181 N. Y. 132; *Matter of Myer* v. *Adam*, 63 App. Div. 540; *Chicago* v. *Taylor*, 125 U. S. 161; *O'Brien* v. *Philadelphia*, 150 Penn. St. 589.)

*Charles Diebold, Jr.,* for respondent. An owner whose railroad facilities are destroyed or impaired by an

improvement under the Buffalo Grade Crossing Act is entitled to compensation therefor and is not limited to the damage caused by changing the grade of the street in front of the premises. (*Matter of Grade Crossing Comrs.*, 17 App. Div. 54; 154 N. Y. 550; 59 App. Div. 498; 168 N. Y. 659; 111 App. Div. 909; 146 App. Div. 885; 203 N. Y. 628; 147 App. Div. 917; *Matter of Myer* v. *Adam*, 63 App. Div. 540; 74 App. Div. 604; *N. Y., N. H. & H. R. R. Co.* v. *Blacker*, 178 Mass. 386; *South Park Comrs.* v. *Ayer*, 237 Ill. 211; *Shepherd* v. *B. & O. R. R. Co.*, 130 U. S. 426; *S. P. Comrs.* v. *Ayer*, 137 Ill. 211.) The nearness of the railroad was an element of value to parcel 2 of which it has been deprived by the carrying out of the improvement. The owner is entitled to compensation for the destruction of its value as railroad industrial property. (*McCarthy* v. *Met. Bd. of Works*, L. R. [7 C. P.] 508; *C. Ry. Co.* v. *Walker*, L. R. [7 App. Cas.] 259; *Rigney* v. *Chicago*, 102 Ill. 64; Lewis on Em. Domain [3d ed.], 646, § 354; *Matter of Grade Crossing Comrs.*, 166 N. Y. 69.)

WILLARD BARTLETT, J.   It is manifest from the report and proceedings of the commissioners of appraisal that their award to the respondent represents in part at least the damages supposed to have been done to parcel No. 2 by the lowering of the grade of the New York Central and Hudson River railroad, where it crosses Main street, and the consequent loss of the possibility of ever obtaining switching connections with that railroad. In eliminating the grade crossing at this point, the railroad has been lowered 25.1 feet and Main street has been carried over it by a viaduct with a slight alteration of the street grade opposite parcel No. 2, the maximum change being 2½ inches. The change of grade in the street is so small as compared with the change of grade in the railroad that it is plain the commissioners treated the latter as constituting by far the larger element of damage.

Counsel for the appellants insist that the change of grade in the railroad could not properly be considered as an element of damage at all.   The proceeding is based on section 406 of the Buffalo charter and section 12 of the Buffalo Grade Crossing Act.   Section 406 of the charter provides that when the city shall alter the recorded grade of any street or alley the owner of any house or lot fronting thereon may, within one year thereafter, claim damages by reason of such alteration.   Section 12 of the Buffalo Grade Crossing Act (L. 1888, ch. 345; amd. L. 1890, ch. 255) provides that if the grading commissioners decide that it is necessary for the purpose of carrying out any plan adopted by them " that the grade of any street or portion of any street or public ground shall be changed, and that any property may be injured thereby for which the owners or persons interested therein are lawfully entitled to compensation," they may apply to a Special Term of the Supreme Court for the appointment of three commissioners " to ascertain the compensation therefor to be paid to the owners of, or parties interested in, the land proposed to be taken, or which may be injured."   These enactments deal simply with changes of grade in public streets; not at all with changes of grade in the private right of way belonging to a railroad company.   They afford a remedy, not enjoyed under the common law, to owners of land fronting on a public street whose property may be injured by a change in its grade.   There is no attempt to extend the remedy to consequential injuries attributed to an alteration in the level of a neighboring railway line; nor in the Buffalo Grade Crossing Act do we find any indication of a legislative intent to confer a right of action upon landowners for damages otherwise occasioned in carrying out any general or special plan of improvement which the grading commissioners may adopt.   So it is argued in behalf of the appellants that no statutory authority exists for awarding to the respondent any damages save such as

are due to the very slight change in the grade of Main
street, and that the commissioners of appraisal erred in
compensating the owner for any injury supposed to
have been caused by lowering the level of the Central
lines.    (See *City of Detroit* v. *Detroit United Railway*,
156 Mich. 106.)

But it is contended, in answer to this proposition,
that the Court of Appeals is committed to the contrary
doctrine by its affirmance, without opinion, of the orders
in *Matter of Grade Crossing Commissioners* (59 App.
Div. 498; affd., 168 N. Y. 659) and *Matter of Grade
Crossing Commissioners* (146 App. Div. 885; affd., 203
N. Y. 628).    Other cases are cited to the same effect.

In the case first cited, it is undoubtedly the fact that
an award was upheld for damages caused by the change
of grade of a railroad switch located on railroad prop-
erty.    The conditions, it is true, were different from those
in the case at bar.    There the railroad was adjacent to
the property of the American Glucose Company alleged
to be damaged, and there was an actually existing switch
which the landowner, under a contract with the railroad
company, had a right to have continued.    Here parcel
No. 2 is separated from the railroad by intervening prop-
erty and never has enjoyed any switching privileges what-
ever.    These differences, however, are not sufficient to
prevent the affirmance in the former case from being an
authority to the effect that under the legislation affecting
changes of grade in Buffalo, commissioners of appraisal
are not absolutely restricted to a consideration of the
injury occasioned by a change of street grade, but may
in a proper case make an award on account of damages
done to property fronting on a railroad by a change
in the railroad level.    In my opinion we cannot now hold
otherwise without overruling the *American Glucose
Company* case.

Nevertheless, I think there should be a reversal here
on the ground stated by the dissenting judges in the

Appellate Division, namely, that the supposed injury to the respondent's lot, because deprived of the possibility of a private switch track, is too remote and speculative to be the basis of an award of damages. Parcel No. 3, lying between parcel No. 2 and the railroad, is held in private ownership. The respondent could not maintain a switch over it without a grant from the owners. The railroad could not obtain the right to run a switch over it by the exercise of the power of eminent domain, because such use would be private and not public. (*Hatfield* v. *Straus,* 189 N. Y. 208.) The cases cited from other jurisdictions where damages have been held to be properly awarded for deprivation of switch connections are cases in which the property abutted directly on the line of the railway or where the intervening property was of such a character (*e. g.,* an alley) that it was customary for the state to permit switch tracks to be laid thereon. (*N. Y., New Haven, etc., R. R. Co.* v. *Blacker,* 178 Mass. 386; *South Park Commissioners* v. *Ayer,* 237 Ill. 211.) So many contingencies and possibilities would have to be treated as actualities to import that the respondent had really suffered any injury that the court is not warranted in upholding any award in the case at bar based upon supposed damage due to the lowering of the tracks of the New York Central and Hudson River railroad.

The orders of the Appellate Division and the Special Term should be reversed, with costs to each of the appellants filing a separate brief, and the proceeding remitted to the commissioners of appraisal with directions to make a new award, including no damages for the change of grade of the railroad.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order reversed, etc.