In the case of Hall v. Dusenbury, the decision was as follows:

"The term 'creditor' * * * is confined to those persons to whom the deceased was indebted during his lifetime."

The claim of a creditor of a decedent's estate, which, under section 2722 of the Code of Civil Procedure, the executor may be directed by the surrogate to pay, is a liquidated claim undisputed; and the liquidation can be only on an accounting, not of the acts of the executor, but of deceased, which can be made by the surrogate only on consent of the parties, as provided by section 1822 of the Code of Civil Procedure.

Clearly the petition presented in this case asks for the payment of a claim which had been ordered and created by the executor subsequently to the death of the testatrix. The Surrogate's Court has no jurisdiction to determine claims of this character.

Petition dismissed.

---

(80 Misc. Rep. 458.)

### In re ROBINSON'S ESTATE.

(Surrogate's Court, Westchester County. April, 1913.)

TAXATION (§ 876*)—TRANSFER TAX—CHARITABLE BEQUEST.

A bequest to individuals in trust for charitable purposes is taxable under Tax Law (Consol. Laws 1909, c. 60) § 221, though the will authorizes the trustees to cause a corporation to be created to execute the trust; no such corporation having been formed at the time of the assessment, though devise to charitable corporation would be exempt.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693–1699; Dec. Dig. § 876.*]

In the matter of the appraisal of the estate of Mary S. Robinson, deceased. From an order assessing the transfer tax, the executors and trustees under the will of decedent appeal. Affirmed.

John J. Sinnott, of North Tarrytown, for State Comptroller.

Henry Necarsulmer, of New York City, for executor and trustees.

SAWYER, S. This is an appeal by the executor of and the trustees under the last will and testament of Mary S. Robinson, deceased, from an order of the surrogate of Westchester county, fixing and assessing the transfer tax upon the transfer of the testatrix's residuary estate.

The testatrix died in October, 1909, leaving a last will and testament, and by the ninth and tenth paragraphs of said will she devised and bequeathed her entire residuary estate.

"Ninth. I direct my said executor to pay over the rest, residue and remainder of my estate to the said Burton C. Meighan and Frank B. Upham, in trust, however, for the following uses and purposes: The said trustees are to invest such portion of the fund as shall not be used for the purposes herein specified, in the securities prescribed by law as savings bank investments; and they are to disburse the principal or interest, or both, of said fund in their discretion as follows, to wit: To provide shelter, necessaries of life, education, general or specific, and such other financial aid as may seem to them fitting and proper to such persons as they shall select as being in need

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the same. Preference is to be given to persons who are elderly or disabled from work, and to persons who are Christians, of good moral character, members of one of the so-called evangelical churches, to wit, the Methodist, Baptist, Presbyterian, Congregational, Moravian or Episcopal; and who are not addicted to the use of intoxicants or tobacco, nor to attendance at theatrical entertainments.

"Tenth. I authorize and empower my said trustees in their discretion, to appoint other persons, not exceeding five, to act with them in the execution of the trusts or either of them herein provided for; and I direct that the execution of said trusts shall thereupon devolve upon all of the said trustees jointly and upon the survivors of them. If the said two trustees, Burton C. Meighan and Frank B. Upham, deem it advisable they may cause a corporation to be created for the purpose of executing the trusts provided for in this will."

The attorney for the appellant claims that the above bequest to Burton C. Meighan and Frank B. Upham, as trustees, is exempt from a transfer tax under section 221 of chapter 62 of the Laws of 1909, being chapter 60 of the Consolidated Laws, as it is left in trust for charitable purposes and provision is made that the execution of such charitable purposes *may be carried out by a corporation,* if the trustees think it advisable.

The contention of the comptroller is set forth in his brief, at page 2, which is as follows:

"There is no doubt that the purposes provided for by the testatrix were charitable and benevolent. Nor can there be any doubt that the transfer of her residuary estate was to these two trustees and not to a corporation."

The question, therefore, is clearly presented. It is:

"Is a bequest to an individual, in trust, for charitable purposes, exempt under section 221 of the Transfer Tax Law?"

It is the contention of the state comptroller that the bequest or transfer in question is not exempt under section 221 of the Transfer Tax Law. Tax Law, art. 10.

That portion of section 221 of the Transfer Tax Law which is relevant to the question here presented is as follows:

"But any property devised or bequeathed to any person who is a bishop or to any religious, educational, charitable, missionary, benevolent, hospital or infirmary corporation, including corporations organized exclusively for Bible or tract purposes, shall be exempted from and not subject to the provisions of this article. There shall also be exempted from and not subject to the provisions of this act personal property other than money or securities bequeathed to a corporation or association organized exclusively for the moral or mental improvement of men or women or for scientific, literary, library, patriotic, cemetery or historical purposes or for the enforcement of laws relating to children or animals or for two or more of such purposes and used exclusively for carrying out one or more of such purposes."

Section 220 of the same law reads as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, *in trust or otherwise,* to persons or corporations not exempt by law from taxation on real or personal property."

It is admitted that the amount of the transfer in this matter exceeds $500.

The appellant cites as an authority in support of his contention Matter of Graves, 171 N. Y. 40, 63 N. E. 787.

The Graves Case was decided under subdivision 7 of section 4 and section 220 of the Tax Law, as it existed in 1896, which said date was the date of the death of the testator in said case.

By chapter 382 of the Laws of 1900, section 243 of the Transfer Tax Law was passed, and reads as follows:

"Sec. 243. Exemptions in article one not applicable.—The exemptions enumerated in section four of the tax law, of which this article is a part, shall not be construed as being applicable in any manner to the provisions of article ten hereof."

This section was re-enacted and became known as section 244 of the Tax Law by chapter 62 of the Laws of 1909, being chapter 60 of the Consolidated Laws.

"Manifestly it was intended by this new section to make the exemptions in section 4 of the General Tax Law no longer applicable to the exemptions under the Taxable Transfer Law, and no longer the rule by which such exemptions should exist or be determined." Matter of Huntington, 168 N. Y. 399, 61 N. E. 643.

It is evident therefore that the only exemptions now to be considered in the case at bar are those enumerated in section 221 of the Tax Law.

The Graves Case is therefore no longer an authority, unless by comparison it can be shown that the statute under which the decision was based is similar to the statute under which this exemption is claimed. In other words, are the exemptions enumerated in subdivision 7 of section 4, under which the Graves Case was decided, similar to or in substance the same as the exemptions enumerated in section 221 of the Tax Law?

Subdivision 7 of section 4, chapter 908 of the Laws of 1896, reads in part as follows:

"(7) The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, Bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more of such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation shall be exempt from taxation."

In the section just quoted the real property of a corporation or an association organized for specific *purposes* mentioned was exempt not only from the transfer tax but from all taxes of every kind and description, and the personal property of such a corporation was also exempted.

By a careful examination of section 221 of the Tax Law it will be observed that no real or personal property is exempted unless *devised or bequeathed to the corporation* therein set forth. No mention is made of the word "association" in the first paragraph of this section, neither is the word "purposes" included. The statute says flat-footed that the corporations mentioned are only exempt from taxation when the property is devised or bequeathed to the corporation.

In the last part of section 221, as quoted, there are specific exemptions where a bequest is made to a corporation or an association organized exclusively for certain *purposes*. Clearly, however, the appellant is not entitled to an exemption under the latter part of this section, as the bequests made were those which consisted of savings bank securities or money, and these clearly do not come within the exempt class, as the section specifically says that personal property shall be exempted "other than money or securities."

However, I do not think that the exemption is claimed under the latter part of section 221, just quoted.

The Graves Case was decided on the ground that the Laws of 1893 re-established the statute of uses, and that subdivision 7, which was construed in that case, included corporations organized for specific purposes. As shown above, the word "purposes" is excluded in the first part of section 221, as is also the word "association," and the devise or bequest in this case was made directly to the two trustees.

The question in this case then is simply this: Is a bequest to two trustees, in trust, for charitable purposes, with a discretionary right given to the two trustees to form a corporation, if they deem it advisable, to carry out the trusts provided for in the will of the testatrix, exempt from taxation under the provisions of the first portion of section 221 of the Transfer Tax Law," which is as follows:

"But any property devised or bequeathed to any person who is a bishop or to any religious, educational, charitable, missionary, benevolent, hospital or infirmary corporation, including corporations organized exclusively for Bible or tract purposes, shall be exempted from and not subject to the provisions of this article."

There is no mandatory direction by the testatrix to the trustees to form any corporation. They may do so if they choose, or they may increase the number of trustees; but the right given to form a corporation is simply permissive and not mandatory.

The testatrix died in 1909, four years ago. No corporation has ever been formed by the trustees, nor have I received any intimation that one will ever be formed. I think that I can safely say that one never will be formed. If the intention of the trustees had been to form a corporation to carry out the purposes as set forth in the will, they certainly would have filed their certificate of incorporation within the four years last past. I am compelled to take the situation as I find it. The title to the "res" or trust fund is certainly now vested in Burton C. Meighan and Frank B. Upham, in trust, for the purposes as set forth in the will of the testatrix. Section 220 specifically states that the transfer of any property, real or personal, over $500, is taxable, whether the same is in trust or otherwise.

By the most strained construction of section 221, I do not see how the framers of the law ever intended that a bequest such as the one under consideration should be exempt under the clause quoted. The devise is clearly not to a corporation. There being no corporation formed, how are we to ascertain the status of the corporation and determine whether or not it is a charitable, religious, or other kind of a corporation. This phase of the situation was considered in the

Matter of White, reported in 118 App. Div. 869, 103 N. Y. Supp. 688, and the judge writing the opinion stated as follows:

"The status of this corporation must be determined by the statutory law and its certificate of incorporation rather than by what it has assumed to do thereunder."

This is the proper way of determining the status of any corporation claiming exemption under the Transfer Tax Law.

The above case was cited with approval in Matter of Moses, 138 App. Div. 525, 123 N. Y. Supp. 443.

It is an elementary rule of statutory construction that the words of a statute are to be given the usual ordinary meaning. McCluskey v. Cromwell, 11 N. Y. 593; Matter of O'Neil, 91 N. Y. 516; Matter of Daly, 79 Misc. Rep. 586, 141 N. Y. Supp. 199.

If the Legislature had intended to pass an act allowing exemptions to trustees for charitable purposes, they certainly would not have divided the section into two different paragraphs, one in which they exempted only devises and bequests to certain corporations and the other of which they exempted where the devise or bequest was to corporations for charitable purposes.

As the case at bar is a devise to trustees for a charitable purpose, by the most liberal construction, I am compelled to hold that even though there is a permissive right to form a corporation, where some steps have not actually been taken to form such a corporation, this fact in itself will not be sufficient to warrant an exemption under the first paragraph of section 221 of the Tax Law. If the corporation had been already formed when the application was made to this court, the result might be different. I am not called, however, to pass upon this question at this time. The corporation has never been formed.

Clearly the framers of this statute never intended any devise to a trustee for charitable purposes to be exempt under section 221. While fully appreciating the charitable intentions of the testatrix, I am of the opinion that the statute shows clearly that a tax must be imposed in this case upon the residuary estate transferred. If the law is severe, then the remedy lies with the Legislature and not with the courts.

Order affirmed.