(86 Misc. Rep. 582)

## In re SAUNDERS' ESTATE.

(Surrogate's Court, Westchester County. July, 1914.)

Costs (§ 264*)—Taxation—Appeal by Corporate Legatees.

Where an unsuccessful appeal is taken by each of two corporate legatees from a judgment that a bequest to each under the same will was subject to a transfer tax, the respondent may tax a separate bill of cost against each appellant; there being a trial of two separate issues, and it being immaterial that both are determined the same way.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1004–1008; Dec. Dig. § 264.*]

Appraisement and determination of tax under Tax Law and acts in relation to taxable transfers of the property of Ervin Saunders, deceased. On motion to strike out one of two bills of costs taxed in judgment of Surrogate's Court of Westchester County. Motion denied.

See, also, 156 App. Div. 891, 141 N. Y. Supp. 1145.

John J. Sinnott, of North Tarrytown, for state comptroller.
Ralph Earl Prime, Jr., of Yonkers, for Westchester County Society for the Prevention of Cruelty to Children.

SAWYER, S. This is a motion to strike out one of the bills of costs taxed and included in the judgment by the Surrogate's Court of Westchester County upon the remittitur sent to said court by the Court of Appeals. See 105 N. E. 1099. There were two appeals in this case, one by the Westchester Society for the Prevention of Cruelty to Children, and the other by the Yonkers Public Library. To each of said appellants was bequeathed by Ervin Saunders, in his last will and testament, the sum of $50,000. The transfer tax appraiser, the surrogate, the Appellate Division of the Supreme Court, and the Court of Appeals all decided that such bequests were liable for the transfer tax.

The motion should be denied. In this case there were two notices of appeal, two notices of argument, two notices of issue, and two briefs were submitted, one by each appellant. The test as to whether or not two bills of costs should be taxed is: Were two separate issues tried and determined? Concededly the two corporations mentioned were organized under separate acts of the Legislature, and the articles of such incorporation materially differed in every respect. This being so, one corporation might be subject to the transfer tax, and the other corporation might be exempt from the same. This would primarily depend upon the purposes for which said corporations were organized. This could only be determined by an examination of the said articles of incorporation. Matter of White, 118 App Div. 869, 103 N. Y. Supp. 688; Matter of Moses, 138 App. Div. 525, 123 N. Y. Supp. 443; Matter of Robinson, 80 Misc. Rep. 458, 142 N. Y. Supp. 456, affirmed by the Court of Appeals in a recent decision (106 N. E. 1042).

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Clearly there were two distinct and separate issues tried and determined in this case. Assuming that the decision had been that one corporation was exempt from the tax and that the other was taxable, then and in that case there would be no doubt but that each successful party would be entitled to a separate bill of costs. Simply because the two issues happened to be determined the same way by the Court of Appeals can make no difference. The Court of Appeals decided adversely to the appellants, "with costs." This entitles the successful party to costs against both appellants. Reynolds v. Ætna Life Ins. Co., 30 Misc. Rep. 152, 61 N. Y. Supp. 901; Matter of City of New York, 62 Misc. Rep. 61, 114 N. Y. Supp. 681, affirmed 129 App. Div. 929, 114 N. Y. Supp. 681.

Motion denied, without costs.