(96 Misc. Rep. 42)

### In re NEWPORT AVE. IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. June, 1916.)

COSTS ☞91—PERSONS ENTITLED—JOINT DEFENDANTS—"WITH COSTS."

> Under Code Civ. Proc. § 3240, providing that costs in a special proceeding may be awarded to any party in the discretion of the court, in a condemnation proceeding opposed by six respondents, the only issue being the right of the city to condemnation, where the Court of Appeals affirmed an order dismissing the city's petition for the appointment of commissioners, "with costs," the provision "with costs" means that but one bill of costs was to be allowed.

> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 356–368; Dec. Dig. ☞91.

> For other definitions, see Words and Phrases, First and Second Series, With Costs.]

In the matter of the application of the City of New York, relative to acquiring title, etc., to Newport Avenue, etc. On motion for a review of the taxation of costs. Motion to retax costs granted.

Lamar Hardy, Corp. Counsel, of New York City (Joel J. Squier and John J. Kearney, both of New York City, of counsel), for motion.

Lynn C. Norris, of Brooklyn, for Neponsit Realty Co. and Neponsit Building Co.

H. Gordon Pierce, of Rochester, for West Rockaway Land Co.

Joseph F. Keany, of New York City, for Ocean Electric Ry. Co.

Charles T. Russell, of New York City, for New York & N. J. Telephone Co.

Lord, Day & Lord, of New York City, for Queens County Water Co.

Davison & Underhill, of Brooklyn, for Queens Borough Gas & Electric Co.

CROPSEY, J. The city moves for a review of the taxation of costs as made by the county clerk of Queens county. The question is whether each of the six respondents was entitled to tax a separate bill of costs upon the decision of the Court of Appeals. The proceeding was the usual one brought by the city to acquire title for the opening of certain streets. It was opposed by all of the respondents, who contended that the petition of the city for the appointment of commissioners should be dismissed. Upon the hearing at Special Term the court did dismiss the petition, and this action was affirmed by the

Appellate Division and by the Court of Appeals; the latter decision affirming the order of the Appellate Division "with costs." There was no direction by that court that each respondent was entitled to a full bill of costs. The county clerk, over the protest of the corporation counsel, taxed a full bill of costs for each of the respondents.

It seems to be conceded by all of the respondents that, if this were an action at law and the Court of Appeals had affirmed the judgment of the lower court, "with costs," only one bill of costs could have been taxed. Smyth v. City of N. Y., 203 N. Y. 584, 96 N. E. 1130. See also Fischer v. Langbein, 31 Hun, 272. It also seems to be conceded that, had the action been one in equity and a similar decision made, but one bill of costs could have been taxed. Van Gelder v. Van Gelder, 84 N. Y. 658. But it is contended that in a condemnation proceeding the same effect should not be given to a similar decision of the Court of Appeals. Just why that should be so may not be clear.

The question arising, as this does, is not what costs might, or even should, have been allowed. The sole question is what costs actually were allowed. Costs in a special proceeding "may be awarded to any party, in the discretion of the court" (section 3240, Civil Code), so whether any costs would be allowed in this proceeding upon the affirmance by the Court of Appeals was discretionary with that court. It could have affirmed the order, without costs, or could have granted costs to one or more of the parties. What it did do was to affirm the order, "with costs." Such a provision, the Court of Appeals itself seems to have said, means that but one bill of costs was allowed. Van Gelder v. Van Gelder, 84 N. Y. 658; Smyth v. City of N. Y., 203 N. Y. 584, 96 N. E. 1130.

It is urged, however, that such a meaning should not be given where the proceeding is one for the condemnation of property, because in such proceedings there is no identity of respondents' interests; their interests being separate. Even if this were so, while it might be a sufficient reason why the court, having the power to award costs, might grant them to each respondent, it would seem to be no reason for construing the decision of a court, which affirmed an order "with costs," to read "with costs to each respondent." Especially would this seem to be so when we find, as we do, the Court of Appeals in a number of cases specifically awarding costs to "each of the appellants filing a separate brief," "to each defendant appearing separately in this court and filing brief," "to all parties appearing in this court and filing briefs," "to each of the appellants," thus showing that, when they intend more than one bill of costs to be allowed, they say so. Matter of Grade Crossing Com'rs of Buffalo, 207 N. Y. 52, 100 N. E. 714, Ann. Cas. 1914C, 271; Warth v. Moore Blind Stitcher Co., et al., 207 N. Y. 673, 100 N. E. 1135; Emmet et al. v. Runyon et al., 208 N. Y. 626, 102 N. E. 1102; Rasquin et al. v. Hamersley et al., 208 N. Y. 630, 102 N. E. 1112; Bloodgood v. Lewis, 209 N. Y. 95, 102 N. E. 610; Matter of Grade Crossing Com'rs of Buffalo, 209 N. Y. 139, 102 N. E. 552. It will be noticed that some of these cases were proceedings similar to the present one.

But the main question seems to have been decided adversely to these

views, and the decision, having been affirmed by the Appellate Division, is of course controlling here. Matter of City of N. Y., 62 Misc. Rep. 61, 114 N. Y. Supp. 681, affirmed 129 App. Div. 929, 114 N. Y. Supp. 681. So, if this proceeding comes within the provisions of that decision, the clerk's allowance of the separate bills of costs was correct. But does it come within the authority cited?

In the opinion in question (62 Misc. Rep. 63, 114 N. Y. Supp. 681) it was said that the decisions which held that but one bill of costs could be taxed upon an affirmance "with costs" did not apply to the condemnation proceeding in question, because the interests of each property owner were separate, "and a distinct question arises between the party seeking condemnation and the owners of each separate parcel." That evidently was the basis of the decision, although the opinion, on page 64 of 62 Misc. Rep., on page 682 of 114 N. Y. Supp., seems to indicate that the justice construing the view of the taxation of costs thought that costs should have been allowed to each respondent. The question, however, as has been stated, is not, and in the cases cited was not, what costs should have been allowed, but merely what costs were in fact awarded. In the case cited, the decision in New York, West Shore & Buffalo R. Co., 28 Hun, 505, was held not to be controlling. That was a condemnation proceeding in which the owner and tenant of the property appeared and disputed the right of the city to maintain the proceeding. In the Court of Appeals the owner and tenant were successful, and the proceeding was dismissed, "with costs." The question then arose whether the owner and the tenant were each entitled to a bill of costs. The General Term held that they were not; that the affirmance by the Court of Appeals, "with costs," meant one bill of costs.

That case is distinguished in Matter of City of N. Y., 62 Misc. Rep. at page 64, 114 N. Y. Supp. 681, on the ground that the interests of the owner and the tenant were "identical." If that was a sufficient ground for failing to follow the General Term decision, then surely the decision in Matter of City of New York cannot be followed here, for concededly the interests of all the respondents were "identical" in the only issue raised or litigated in this proceeding. The only question was the right of the city to condemnation. This right each of the respondents challenged, and from the inception of the proceeding the respondents were successful; the Special Term, Appellate Division, and finally the Court of Appeals all deciding in their favor. There never was any question raised of the value of the property so to be taken, nor was there any conflict of interest among the respondents.

As the case of N. Y., West Shore, etc., R. R., 28 Hun, 505, was not overruled by Matter of City of New York, 129 App. Div. 929, 114 N. Y. Supp. 681, but was merely distinguished in the only opinion written in that case (62 Misc. Rep. 61, 114 N. Y. Supp. 681), and as this question clearly comes within the decision in the former case, and not within that in the latter, the former authority must be held to be controlling.

The motion to retax the costs must be granted, and the clerk is directed to retax them by allowing only one bill of costs. Settle order on notice.