tention I am unable to agree. Section 17 of the Code of Ordinances, which was offered in evidence, reads:

"No unmuzzled dog shall be permitted at any time to be on any public highway or in any public park or place in the city of New York."

It seems to me that the defendant would be liable only if he permitted the dog to go unmuzzled and unleashed, but the failure to obtain a license for the dog does not, in my opinion, make him primarily liable. The true question is whether the injury is the direct and immediate act of the defendant, and certainly the direct and the immediate act of the defendant would be the unmuzzling and unleashing of the dog. But the defendant contended that the dog was muzzled and was leashed; the dog was brought into court muzzled and leashed in the manner in which it is alleged by the defendant he was on the day that the plaintiff's dog was injured. That created the question of fact which, I repeat, necessarily had to be submitted to the jury, and while perhaps on the evidence I may have been inclined to find to the contrary, yet that is not a sufficient basis to set aside the deliberations of a jury.

In the case of Buchanan v. Stout, 139 App. Div. 204, 123 N. Y. Supp. 724, cited by the plaintiff on this motion, the defendant had taken his dogs into the public street unmuzzled and not led. It seems to me that the gravamen of the complaint is the unmuzzling of the dog, not the fact that the dog was unlicensed. While a violation of an ordinance is some evidence of negligence, yet that very question whether the ordinance was violated had to be submitted to the jury. Personally my sympathies are with the plaintiff in her loss of this very valuable dog; but I am unable to find a sufficient basis to set aside this verdict on the ground that it is contrary to the evidence and against the weight of the evidence.

Under the circumstances I am constrained to deny the motion. Motion to set aside the verdict and for an order granting a .new trial denied.

---

### In re HUNT'S ESTATE.

(Surrogate's Court, New York County. October 21, 1916.)

1. TAXATION ⬤⟿895(6)—TRANSFER TAX—DEDUCTION FROM ASSETS.

For purpose of transfer tax, there should be deducted from the assets of testator's estate the amount of his note, secured by mortgage on land in another state, which he devised free from all indebtedness, with direction to his executors to pay out of his estate all his indebtedness on such property; such direction relieving the devisee from his liability, under Real Property Law (Consol. Laws, c. 50) § 101, for debts of decedent to the value of the devised property, and making it the duty of the executors to pay it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ⬤⟿895(6).]

2. TAXATION ⟾895(6)—TRANSFER TAX—DEDUCTION FROM ASSETS—SETTLEMENT OF DOWER CLAIM.

For purpose of transfer tax, no deduction should be made from the assets of testator's estate, he having had no real estate in the state, be-

cause of money which his executors paid, in consideration of her release of her dower and all other rights to testator's estate, to one from whom testator had secured a divorce, but who had commenced an action to set aside the decree, as, had her action been successful, it would merely give her the right to dower in his real estate.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ☞895(6).]

3. TAXATION ☞876(1)—TRANSFER TAX—CHARITABLE BEQUEST.
Title to a bequest to testator's executors, in trust to establish and maintain a charitable institution in another state, is in such trustees till they have formed a corporation in accordance with testator's directions, and its transfer is not exempt from taxation, though, under Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245) § 221, a bequest to a domestic, as distinguished from a foreign, charitable corporation, is exempt.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693, 1698; Dec. Dig. ☞876(1).]

In the matter of the estate of John W. Hunt, deceased. From an order assessing a transfer tax, one of deceased's executors appeals. Modified and affirmed.

John Nicolson, of New York City, for appellant.
Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for respondent.

FOWLER, S. The decedent died on the 11th of December, 1910, and at the time of his death he had his domicile in this state. The order assessing a tax upon his estate was entered on December 24, 1915, and one of the executors has appealed from that order. The appeal brings up for consideration several questions.

[1] The first is whether the appraiser erred in refusing to deduct from the assets of the estate the sum of $75,000 paid by the executors in satisfaction of a bond and mortgage executed by the decedent. At the date of decedent's death he was the owner of a hotel situated at Dallas, Texas. He had borrowed the sum of $75,000 and had given his bond and a mortgage on the hotel as security for the indebtedness. His will contains the following provisions:

"I further devise and bequeath unto the said R. L. Lucas all my interest in the Hotel Southland, of Dallas, Texas, free from all indebtedness, and I direct my executors named in said last will and testament to pay out of my estate all indebtedness due by me on said Hotel Southland property."

While a devise of real estate subject to a mortgage would, under the law of this state, make the devisee liable for the debts of the decedent to the extent of the value of the property devised to him (section 101, Real Property Law), the express direction given by the testator to his executors to pay this indebtedness out of his estate relieves the devisee from the liability imposed by law, and makes it the duty of the executors to pay this indebtedness out of the testator's estate, so that the devise to R. L. Lucas will be free from the mortgage. The amount of the bond and mortgage should therefore be deducted from the assets of the estate in ascertaining its value for purposes of taxation, and the appeal is sustained on this point.

[2] The next question relates to the failure of the appraiser to deduct

from the assets of the estate the sum of $250,000, paid by the executors to Bessie H. Hunt, the divorced wife of the decedent. The decedent had obtained a decree of divorce against Bessie H. Hunt, but prior to the date of his death she had commenced an action to set aside the decree. The action was pending when the testator died. Subsequently an agreement was entered into between the executors and Bessie H. Hunt, by which she released her dower and all other rights to the testator's estate in consideration of the payment of $250,000. The testator did not die seised of any real estate in this state. The real estate of which he died seized in other states is not subject to a transfer tax in this state. The payment of $250,000 to Bessie H. Hunt was, by virtue of the terms of the compromise agreement, to be paid out of the proceeds of real estate situated in California. Even if Bessie H. Hunt had succeeded in setting aside the decree of divorce, it would not affect the disposition of testator's personal property; it would merely give her the right to dower in his real estate, and as he owned no real estate in this state such dower interest would not be deductible from any personal property in this state. The appraiser, therefore, was correct in refusing to deduct from the personal property in this state the amount paid to Bessie H. Hunt under the compromise agreement.

[3] The order entered upon the appraiser's report determined the value of the residuary estate, consisting of personal property, to be $117,241.92, and assessed a tax of $10,474.19 on this amount. The executor contends on this appeal that the residuary is not subject to a transfer tax. The testator disposed of his residuary estate in the fourteenth paragraph of his will, which reads as follows:

"I give, bequeath and devise all the rest, residue and remainder of my estate of whatsoever character and wheresoever situate unto my executors hereinafter named, in trust for the purpose of using the proceeds therefrom in establishing and maintaining such charitable or benevolent institution as they may see fit, as a memorial for myself, the same, however, to be established and maintained in the state of Georgia, my preference being that the same be established either in the middle or southern section of said state of Georgia."

An action was brought in the Supreme Court of this state by certain of the testator's next of kin to determine the validity of the bequest and devise contained in the paragraph above quoted, and a judgment was entered on stipulation of all the parties interested to the effect that the testator had made a valid disposition of his residuary estate. Assuming, then, the validity of the bequest, the question to be determined in this proceeding is whether it is subject to a transfer tax. Section 221 of the Transfer Tax Law in force at the time of testator's death provided that any property devised or bequeathed "to any religious, educational, charitable, missionary, benevolent, hospital or infirmary corporation" shall be exempted from the provisions of the law in relation to taxable transfers of property. It was held, however, that this exemption did not apply to foreign corporations. Matter of Prime, 136 N. Y. 347, 32 N. E. 1091, 18 L. R. A. 713; Matter of Balleis, 144 N. Y. 132, 38 N. E. 1007. While the testator expressly provides that the bequest of his residuary estate is made to his executors for the purpose of establishing and maintaining a charita-

ble or benevolent institution, the direction that such institution be established and maintained in the state of Georgia is equally express and mandatory. The trustees have not yet formed a corporation in accordance with the directions contained in the fourteenth paragraph of the testator's will, and it is therefore impossible to say at this time whether the corporation will be formed under the laws of this state or the laws of the state of Georgia. It is not necessary to determine in this proceeding whether under the language of the will the corporation must be formed and established under the laws of the state of Georgia; but until such time as the corporation is formed and the residuary estate vests in it, the title to the property is in the trustees, and its transfer is not exempt from taxation. Matter of Robinson, 80 Misc. Rep. 458, 142 N. Y. Supp. 456; affirmed 212 N. Y. 548, 106 N. E. 1042; Matter of McCartin, N. Y. Law Journal, December 5, 1913; opinion quoted Chrystie on Inheritance Tax, p. 608.

The order fixing tax will be modified, by deducting from the value of the residuary estate the $75,000 paid by the executors in satisfaction of the testator's bond and mortgage on the property at Dallas, Texas. In all other respects the order is affirmed. Settle order on notice.