HARRY SHAPIRO, Respondent, v. ALBANY CHEMICAL COMPANY, Appellant.

Third Department, July 7, 1921.

Negligence — action to recover damages for death of plaintiff's horses caused by chemical in street — purchase of land by plaintiff's employer and defendant from common source — reference in conveyance to map on which street shown — street dedicated to public use but not accepted — boundaries — when boundary presumed to extend to center of street — defendant liable though street not accepted by public authorities nor in general use.

In an action to recover damages for the loss of plaintiff's horses which became mired in a chemical substance, that, after being deposited by defendant in a liquid state on its own property, flowed onto the street, it appeared that the plaintiff was an employee of a city; that the city and the defendant purchased their land through a common source of title; that the conveyances referred to a map on which the street in question was marked as being a public thoroughfare; that the defendant's conveyance extended merely to the edge of the street; that at the time of the defendant's purchase the street was not in common use but later and at the time of the accident was used by the public to a considerable extent, though it had never been accepted by the public authorities; that the city after the conveyance to the defendant received a conveyance

which gave it permission to lay a conduit through the street and that the plaintiff was engaged in work in reference to the construction of the conduit at the time of the injury to his horses. *Held*, on all the evidence, that the defendant is liable.

Where land is conveyed by a map, and by boundaries which show that it comes to a public street, the presumption is that the grant extends to the center of the street, but this presumption may be rebutted by the circumstances and the terms of the conveyance, and where by the terms of the conveyance the extension of the boundary line at right angles with the street reaches only to the edge of the street, this is an indication that it was not intended to convey any part of the street.

Where premises are conveyed by a map which shows a street named as being dedicated to the public use, each purchaser under the map has an easement to a use of the street for access to his premises.

Notwithstanding the street in question had not been accepted by the public authorities and even though it had not been in general use by the public the relationship of the plaintiff with the parties directly interested in the use of the property as a street was such that he was entitled to assert that the defendant by depositing the chemical on its own property in such a way that it flowed onto the street had violated a duty to him by creating a hidden danger with knowledge of the existence of which it was clearly chargeable.

The creation of this dangerous condition in the street was entirely inconsistent with the rights which the adjoining landowners had in the street and of the right to accept and use the street as a public street. The defendant was bound to exercise its right in a way consistent with the fact that the street had been dedicated for public use and that title to the adjoining property had passed upon the strength of that condition.

APPEAL by the defendant, Albany Chemical Company, from a judgment of the County Court of the county of Albany in favor of the plaintiff, entered in the office of the clerk of said county on the 9th day of October, 1920, on the verdict of a jury for $626, and also from an order entered in said clerk's office on or about the same day, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Arthur L. Andrews* [*John J. McManus* of counsel], for the appellant.

*Roland Ford* [*Melvin T. Bender* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The defendant, the owner of the land between South Fifth street, the Hudson river, South Sixth street and Church

street, on Westerlo Island, in the Hudson river near Albany, dumped a tarry and caustic material into the east half of South Sixth street adjoining its land, in such a manner that its nature was not apparent. The plaintiff's horses, while being driven along the easterly side of said street, going towards Church street, became mired in that material, where it had a depth of about five feet, with the result that their death followed, and the plaintiff, upon the theory of negligence, has recovered damages therefor.

The appellant seeks a reversal of the judgment upon the ground that it is the owner of the east half of South Sixth street; that while it was dedicated as a public street, it never has been accepted as such, and that it owed the plaintiff no duty except not to inflict wanton or intentional injury upon him. (*Matter of Ladue,* 118 N. Y. 213; *Weitzmann* v. *Barber Asphalt Co.,* 190 id. 452.)

The verdict is well sustained by the evidence, and the only question is as to the relative rights of the parties in the street and whether the defendant was negligent as to the plaintiff. He was working in the interest of the city of Albany, which owned the land west of Church street, and also the land east of it — south of South Seventh street. It is assumed that Schifferdecker, a grantee by a conveyance from the same grantor under whom the defendant and the city get their title, owns the lands between South Sixth street and South Seventh street and east of Church street. The Van Rensselaer Land Company is the common source of title; the defendant is the first purchaser from the land company's immediate grantee. All the conveyances are made of the land as laid out on a map on file in the county clerk's office. At the time of the defendant's purchase there were no buildings south of South Fifth street, and no street in common use. The conveyance to the defendant refers to the map, bounds the premises conveyed on the west by South Church street, extended in the manner stated, " and bounded on the north by South Fifth Street, which is at right angles to the east line of Church Street and the middle line of which is distant twenty-three hundred and fifty-seven (2357) feet southerly from the northeast corner of Church and Gansevoort Streets

in the City of Albany, on the east by the Hudson River, and on the south by a line parallel to and at a distance of five hundred (500) feet from the south line of South Fifth Street as designated on said map, containing about six (6) acres of land be the same more or less. Church Street as extended southerly, South Fifth Street and a street at right angles to the east line of Church Street, and adjoining the southerly line of the premises herein conveyed, to be known as South Sixth Street, are all sixty (60) feet in width, and are hereby dedicated, granted and are to remain public streets for public use.''

The deed from the Van Rensselaer Land Company, and from its grantees to the parties mentioned, contained the same provisions as to the map and the streets and their dedication. The city of Albany, after the conveyance to the defendant, received a conveyance of the premises west of Church street and south of South Fifth street, together with the right of laying and maintaining a conduit pipe across Church street and through the center of Sixth street, to the Hudson river, for the use of the land conveyed. South Sixth street and South Seventh street have never been accepted as highways by the town.

Where land is conveyed by a map, and by boundaries which show that it comes to a public street, the presumption is that the grant extends to the center of the street. This, however, is a mere presumption, which may be rebutted by the circumstances and the terms of the conveyance. In terms the southerly boundary of the lot is a line parallel to South Fifth street and the street at right angles with the east line of Church street and adjoining the southerly line of the premises conveyed. The north line of South Sixth street is by measurement 500 feet from the south line of South Fifth street. The grantor owned the premises west of Church street and south of South Fifth street. Those facts are indications that it was not intended to convey any part of South Sixth street. (*Kehres* v. *City of New York*, 162 App. Div. 349; *Fulton Light, H. & P. Co.* v. *State of New York*, 200 N. Y. 400, 417.)

Where premises are conveyed by a map, which shows a street named which is dedicated to the public use, each pur-

chaser under the map has an easement to a use of the street for access to his premises. (*Bissell* v. *N. Y. C. R. R. Co.,* 23 N. Y. 61; *Matter of City of New York* [*Sedgwick Ave.*], 213 id. 438, 444; *Stillman* v. *City of Olean,* 228 id. 322, 330.) In ordinary usage such easement is only necessary as to the cross streets, on each side of the lot sold, upon the theory that the parties must have contemplated an outlet both ways. The rule, however, is not arbitrary, but must rest upon the intent of the parties. Here the object of Fifth and Sixth streets was to connect Church street and the lots on those streets and the premises connected therewith with the Hudson river, and the city, as the owner of the land west of Church street, had an easement to cross Church street, and use Sixth street, for access to the river. The city, the defendant and Schifferdecker had the right of passage on South Sixth street, at all times, irrespective of the question of the acceptance of the dedication. The property was on an island, in a navigable river, and near a large city, and presented favorable sites for mills and factories, and presumably was chiefly valuable for such purposes, and a connection with the river was valuable. The water west of this island was not navigable, and there were no cross streets west of Church street and south of South Fifth street. The map contemplated that the purchasers upon it should have access to the navigable waters by streets running thereto. These questions are discussed because they may be considered material; in my view they are not controlling.

The general situation establishes the defendant's liability. There is evidence in the record sufficient to justify a finding that South Sixth street was used by the public to a considerable extent, and that a line of travel existed along it at the place where the accident occurred. But the exceptions require us to consider what would have been the relation of the parties to each other if we assume that the street had not been in general use by the public. The city of Albany entered upon the premises and built the conduit, and the plaintiff was required, as one of the employees under the city, to go upon the premises and remove a pump, which had been in use on the conduit, and he was performing that duty when the accident happened. If there is a doubt about the right of the land company to convey to the city of Albany the right

to lay and maintain the conduit through the center of South Sixth street, the fact still remains that the city did extend the conduit through the street with the apparent consent of defendant. The extending and maintaining of the conduit through the street necessarily brought about considerable activity upon the street, and involved the use of the street to a greater or less degree, and the laying and maintenance of the conduit was a user of the street for public purposes. (*Matter of Hunter*, 163 N. Y. 542.) The material deposited by the defendant upon the street, when warm, was very liquid. It was carried in a pipe from the works and thrown into a depression upon its own land and flowed on an incline into the street and formed the dangerous condition existing there, rendering the use of the street impossible or dangerous. The defendant knew, or was chargeable with knowledge, of the dangerous condition it was creating. If the street never had been accepted as a public highway, the creation of this dangerous condition in it was entirely inconsistent with the rights which the public and the adjoining landowners had in the street and of the right to accept and use the street as a public street. Clearly the defendant's right in the street must be exercised in a way consistent with the fact that it was dedicated for public use and that title to the adjoining property had passed upon the strength of that condition. Its act rendered the street wholly unfit for public use.

The claim that the public had not accepted the street as a street is not very material as between the grantor, the grantee and their privies and the purchasers of the other property upon the map; the street is a street as to them, and they are entitled to its use. The question of dedication might be important in matters between the defendant and the town, or where the town is sought to be made liable for a want of repair, and perhaps in other cases; but here the plaintiff is so connected with the parties directly interested in the use of this property as a street that he may well assert that the defendant has violated a duty to him when it created this hidden danger in the street. In speaking of a street which had been dedicated but not accepted or used by the public, MASON, J., writing for the court in *Bissell* v. *N. Y. C. R. R. Co.* (23 N. Y. 61, 66), says: " I certainly am

not able to discover any more intention in the grantor to withhold, in these conveyances, his interest in the land covered by this street, than would be if the public authority had already laid out the street, and the grantor still held the fee subject to the easement. As between these parties, grantor and grantees, it is a public street to all intents and purposes, except that the public authorities are not bound to keep it in repair." It was there considered that the acceptance by the public of the dedication was not necessary to carry the grant to the center of the street, for the reason that as to the parties it was a street.

The judgment and order should, therefore, be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.